Curia, per SAVAGE, Ch. J.
The only question is, whether the lease contains a condition, the breach of which works a forfeiture of the estate.
The words commonly used to create a condition, are upon condition. A proviso is sometimes considered a condition ; but words similar to those used in this lease, have not usually been considered so, without some express stipulation, that, upon non-performance, the estate shall cease, or the lessor may re-enter. A lease of land, paying rent, is no condition. So a power to dig up trees, making up the hedge again, is not a condition; but covenánt lies for not repairing the hedge. (2 Show. 202, case 205. Vin. *296 Condition, (C) pl. 16, (H.) pl. 19.) So similar words may amount to a condition, when without such construction the party could have no remedy; but not when there are express covenants to which recourse may be had. (Bac. Abr. Condition, (&).)
In Hayes v. Bickerstaffe, (2 Mod. 35,) the lessor covenanted that the lessee, paying the rent and performing the covenants on his part to be performed, should quietly enjoy. The action was brought by the lessee, on the covenant for quiet enjoyment, for a disturbance by the lessor. The defendant pleaded a breach of covenant by the plaintiff, and so the defendant’s covenant ceased to oblige him. To this the plaintiff demurred; and the question was, whether the lessor’s covenant for quiet enjoyment was conditional; and it was adjudged not. It was said by counsel arguendo, and apparently assented to by the court, that paying and yielding were never considered a condition, nor was an entry ever known for non-payment of rent upon those words alone; and that there was no difference between those words and paying and performing. *1 have seen no case where such words have, of themselves, been adjudged a condition. To make a condition, other words should follow, as that, upon non-performance, the lessor shall reenter, &c.
In this case, the party has his remedy upon the express covenant; and ought not to avoid his grant for the cause appearing in the case. A new trial must be granted, with costs to abide the event.
Hew trial granted.