ALBANY,
October, 1835.

BETTS *vs.* PERINE.

Where one party bound himself to labor for another for three years, and the other party agreed to provide him with a suitable dwelling-house and to pay him a certain sum per month every three months during the term, *it was held,* in an action for the negligent doing of the work, that the covenant to provide the house was a distinct and independent covenant, the non-performance of which might be compensated in damages.

A party entitled to avail himself of a *condition precedent,* who *waives* its performance and proceeds to fulfil the contract on his part, *it seems* is *estopped* from relying upon the condition precedent, in an action subsequently brought against him, for carelessness and negligence in the performance of the contract.

DEMURRER to declaration. The plaintiff declared in covenant, setting forth an agreement under seal, bearing date 4th May, 1832, whereby the defendant covenanted diligently and faithfully to labor for and serve the plaintiff, in the business of tanning and currying at a certain tannery lately occupied by the defendant and then owned by the plaintiff, to continue in the service of the plaintiff for the term of three years, and during such term to board himself. The plaintiff covenanted to furnish and provide a suitable house for the defendant to reside in during the term, and to pay him for his labor $22 per month, to be paid quarter yearly. The breach assigned in the first count of the declaration is, that the defendant would not labor for the plaintiff, or continue in his service, but on the contrary *absented* himself, whereby 500 hides entrusted to him by the plaintiff to be manufactured into leather were injured, &c. The declaration contains a second count on the same agreement, and the breach assigned is, that the defendant did not diligently and faithfully labor for and serve the plaintiff, but on the contrary did his work in a *slothful, careless* and *negligent manner,* by means whereof 500 hides entrusted to him to be manufactured into leather were rendered of no value. The defendant put in a *general demurrer* to the whole declaration, and the plaintiff joined in demurrer.

*J. A. Spencer,* for defendant. The providing of a house for the defendant was a *condition precedent.* The plaintiff

Betts
v.
Perine.

neither alleges performance nor offers any excuse for non-performance, and therefore is not entitled to sustain his action. 2 *Johns. R.* 145. 10 *id.* 203.

*A. Taber,* for the plaintiff. Performance on the part of the plaintiff is not a condition precedent to his right of action for either of the breaches assigned in the declaration. *Chitty on Contracts,* 161. 5 *T. R.* 143. 1 *Saund.* 312, *n.* 2. At all events, the second count is good, and the demurrer being general to both counts, the plaintiff is entitled to judgment.

*By the Court,* NELSON, J. The covenant of the plaintiff to provide a suitable dwelling house for the defendant for the time specified in the agreement was not a *condition precedent;* it formed part of the consideration for the services or work to be done, the residue of which, to wit, the $22 per month, was to be paid quarterly, and of course was an independent agreement. The whole consideration, when taken together, should be construed as a distinct and independent stipulation. The defendant will have the benefit of any breach of it in his defence, by way of reducing the plaintiff's damages, if he establishes any. Besides, the *second count* sets up simply a breach of that part of the covenant, by which the defendant was bound to perform his work faithfully and diligently, and according to the best of his ability ; charging him with carelessness and neglect in the doing of his work. . Now, even if the covenant to provide a dwelling house was *dependent,* a breach of it would be no answer to the right of action set forth in this count. If the defendant chose to waive the condition precedent and to enter upon his work, he was bound to perform such work diligently and faithfully. The demurrer being to both counts, must necessarily be overruled on this ground.

Judgment for plaintiff, with leave to defendant to plead on payment of costs.