By the Court, Bronson, J.
The note could not be contradicted, nor could its legal effect be controlled, by oral evidence, that it was to have no validity except in a certain event. (Erwin v. Saunders, 1 Cowen, 249, and cases there cited.)
But I think the facts proved, might, under certain circumstances, amount to a defence, by way of showing a want or failure of consideration. If the note had been given upon the sole consideration that the plaintiff should sign a retraction of the slander, or do some other act, which had not been performed, I see no reason why that matter should not be set up as a defence. But here there has only been- *118 a partial failure of the consideration. The plaintiff discontinued his two suits, and gave up" two notes against the defendant, amounting to $220. The defendant has had a part, at least, of the consideration on which the note was given, and he is not, therefore, at liberty to say the note is wholly void. In such cases, each party may have an action. That is the only way in which complete justice can be done to both. (See 1 Saund. 320, note 4. Tompkins v. Elliot, 5 Wend, 496. Betts v. Perine, 14 Wend. 219.) It is unnecessary to consider whether the facts proved, could properly go to the amount of damages, as no such question was made on the trial. The defendant insisted that the action was wholly barred, and that is the only point on which the judge passed.
New trial denied.