## PEARSOLL *vs.* FRAZER.

By an agreement, under seal, between the plaintiff and the defendant, the latter agreed to purchase, for the sum of $1800, from the former, the fixtures and furniture of the premises known as No. 8 Fulton-street, which payment was to be made by his executing to the plaintiff a mortgage for the interest of the defendant in certain property, specified, payable, &c. *And the plaintiff was to procure for the defendant an extension of the lease of said premises, No. 8 Fulton-street, for three years from the 1st of May,* 1846, *at the annual rent of* $1200, *payable quarterly.* HELD, that the covenant to procure an extension of the lease was neither by express terms, nor by implication, made any part of the consideration of the agreement; but was independent of the other covenants contained in the agreement.

*Held also,* that an omission, in a declaration upon such agreement, to aver that the mortgage was to be executed by the defendant upon request, or within a reasonable time, was a defect in form merely, which was covered by the 176th section of the code.

The rule that when a party covenants to convey, he is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and having waited a reasonable time to have it drawn and executed, has made a second demand, is a rule of *evidence,* and not a rule of *pleading.*

DEMURRER to the second and third counts of the declaration. The action was covenant. The second count alledged that on the 19th day of March, 1846, at the city of New-York, by a certain agreement between the plaintiff and the defendant, the defendant agreed to purchase, for the sum of $1800, from the plaintiff, the fixtures and furniture of the premises known as No. 8 Fulton-street, and then therein, consisting of articles necessary for the carrying on of a refectory and boarding house; that said payment was to be made by the executing to the plain-

Pearsoll *v.* Frazer.

tiff of a mortgage for the interest of the defendant in all the property of which Jesse Frazer, the father of the defendant, died seised, situated in the city of New-York, for said sum, which said mortgage was to be made payable in three years from the date thereof, with legal interest thereon, and the plaintiff was to procure for the defendant an extension of the lease of said premises, No. 8 Fulton-street, for three years from the first day of May, 1846, at the annual rent of twelve hundred dollars, payable quarterly; and it was by said articles of agreement further provided, that if the plaintiff should find, or by his counsel, should be advised that said defendant's title was in any manner imperfect, the plaintiff should be at liberty to annul said agreement, and the defendant should surrender said premises, and the plaintiff was to indemnify the defendant for all damages he might suffer, in case the plaintiff could not procure an extension of said lease therein above referred to, for the period of three years as aforesaid. That by virtue of said agreement the defendant, on the nineteenth day of March, 1846, entered into possession of the said premises known as No. 8 Fulton-street, and of the fixtures and furniture of the said premises, consisting of articles necessary for the carrying on of a refectory or boarding house, referred to in the said agreement. The plaintiff then alledged a performance of the agreement, on his part, and a tender of a mortgage to the defendant, to be executed by him, according to the agreement, and a refusal by the defendant to execute the same. The third count was similar to the second. It set out the agreement, as in the second count, and alledged a performance by the plaintiff, in general terms; and averred that the defendant, although often requested, had not executed and delivered the bond and mortgage, specified in the agreement. It did not alledge any tender of a bond and mortgage by the plaintiff.

The defendant demurred to the second count, and assigned the following causes. 1. That it was not averred and did not appear in said second count, that the plaintiff had procured for the defendant an extension of the lease of said premises, No. 8 Fulton-street, for three years from 1st May, 1846, at the annual rent of $1200, payable quarterly. 2. That it was not

averred that the plaintiff, before refusal or neglect of defendant to execute the bond and mortgage, as alledged in said count, had tendered or offered to said defendant an extension of the lease mentioned in said articles of agreement, upon the condition and for the term therein stated, nor that the plaintiff had given the defendant notice of his readiness to procure such extension. 3. That it was not averred that the bond and mortgage were to be executed by defendant, upon request, or within a reasonable time.   4. That it was not averred that the plaintiff was ready and willing to procure for the defendant an extension of said lease, as required by said agreement.

The same causes of demurrer were assigned in respect to the third count; and in addition, that no demand by the plaintiff of the defendant, to execute the bond and mortgage, was averred in said count; and that no offer by the plaintiff to the defendant of a bond and mortgage, drawn in pursuance of said articles of agreement, with a request by the plaintiff, of the defendant, to execute the same, and the refusal or neglect of the defendant, was averred in said third count.

It appeared from the oyer of the agreement, which was under seal, that the defendant agreed to purchase of the plaintiff the fixtures and furniture specified in the declaration, for the sum of $1800; "which said payment is to be made by executing to said Pearsoll a mortgage for the interest of said Frazer, in all the property of which Jesse Frazer, his father, died seised, situate in the city of New-York, for said sum which said mortgage is to be payable in three years from date, with legal interest thereon; *and the said Pearsoll is to procure for said Frazer, an extension of the lease of said premises, No.* 8 *Fulton-street, for three years from* 1*st May,* 1846, *at the annual rent of* $1200, *payable quarterly.*"

*E. Sandford,* for the plaintiff. 1. The covenants in the agreement on which this action is brought are mutual and independent, and not dependent covenants.   2. It is not necessary to aver performance, unless the agreement or contract states some subsequent specified day for the act required to be done, which is

Pearsoll *v.* Frazer.

the consideration for the first mentioned act. (1 *Cowen's Treat.* 44, 45.) 3. Where by the terms of an instrument one party is made liable to damages by his omission to perform some particular act, it is not necessary to aver performance, in a pleading. (1 *Cowen's Tr.* 45. *Betts* v. *Perine*, 14 *Wend.* 219. *Tompkins* v. *Elliot*, 5 *Id.* 496. 30 *Maine Rep.* 332.) 4. The tender of the extension of the lease was not necessary to be averred.

*Spier & Nash,* for the defendant. 1. The covenants on the one part to give a mortgage of $1800 for the fixtures and furniture, and on the other to procure the extension of the lease, were mutual dependent covenants, and to be concurrently performed. The contract was made March 19th, 1846, and the extension of the lease was to run from the 1st of May following. The right to remain for an extended term in the same location, to which chiefly was appurtenant the "good will" of the business, formed an essential part of the consideration of the bargain. No time is fixed, for the performance of any of the covenants on either side. In such case, the legal inference is that they are to be performed at the same time. The intention of the parties is to be sought for, rather from the order of time in which the acts are to be done, than from the structure of the instrument. (*Goodwyn* v. *Lynn,* 4 *Wash. C. C. Rep.* 714.) Both counts are therefore bad, for not averring, either that the plaintiff had procured, or was ready and willing to procure, the extension of the lease mentioned in the agreement. 2. Although the covenant to procure the extension of the lease, did not form the whole of the consideration for the defendant's covenant, the covenants are nevertheless dependent. The rule that, where a covenant goes only to a part of the consideration it is an independent covenant, does not apply, except where the plaintiff has partially performed. (*Bean* v. *Atwater*, 4 *Conn.* 4, 13. *Tompkins* v. *Elliot*, 5 *Wend.* 496. *McCullough* v. *Cox*, 6 *Barb.* 386.) The instrument here was not a sale, but an agreement for the sale of the furniture and fixtures; and it is nowhere averred that the plaintiff had sold them to the defendant, but simply that the defendant had entered into possession thereof. This

does not show a partial performance, within the rule. But the rule does not apply, in the courts of this state, to contracts wholly executory, (*Champlin* v. *Rowley*, 18 *Wend.* 187 ; *Dakin* v. *Williams*, 11 *Id.* 67 ;) but is limited to cases where the agreement, by its own terms, passes to the defendant a part of the benefits he is to receive. (*Vide McCullough* v. *Cox*, 6 *Barb.* 386 ; *Paige* v. *Ott*, 5 *Denio*, 406 ; *Grant* v. *Johnson*, 1 *Selden*, 247.) 3. No time for the performance of the agreement being specified in it, it was to be performed on request, or within a reasonable time. The plaintiff should have declared on the agreement, according to its legal effect, and made the requisite averments. (*Osborne* v. *Lawrence*, 9 *Wend.* 135.) 4. The third count is bad, for not averring a demand of the mortgage called for by the agreement, or any offer to the defendant of such a mortgage for execution. (*Connelly* v. *Pierce*, 7 *Wend.* 129. *Blood* v. *Goodrich*, 9 *Id.* 68. *Fuller* v. *Hubbard*, 6 *Cowen*, 9.)

*By the Court*, EDWARDS, J. The first question presented is, whether the covenant to procure an extension of the lease is dependent or independent.

It appears from the agreement, that the defendant was to purchase the fixtures and furniture of the premises in Fulton-street, for the sum of $1800, and payment was to be made by the defendant's executing a mortgage upon his interest in all the property situated in the city of New-York, of which his father died seised. The agreement then provided that the plaintiff should procure for the defendant an extension of the lease of the premises for three years from the first of May then succeeding. It contained a further provision, that it was understood by the parties, that if the title of the defendant to the estate which he was to mortgage should be imperfect, the plaintiff should be at liberty to annul the agreement, and the defendant should surrender the premises, and the plaintiff was to indemnify the defendant for all damages which he might suffer in case the plaintiff could not procure an extension of the lease. According to the terms of the agreement, the fixtures, &c. were to be sold for $1800. That was the price agreed upon by the

parties, and the mortgage was to be given to secure *that amount.* The covenant to procure an extension, is neither by express terms, nor by implication, made any part of the consideration. It is an entirely independent matter. And when the parties provide that the plaintiff may annul the agreement if the defendant's title is found to be defective, they make no similar provision in favor of the defendant, in case the plaintiff could not procure an extension of the lease. On the contrary, they exclude by implication any such conclusion; for they provide that in such case the plaintiff shall indemnify the defendant in damages.

It seems to me that, in adopting the rule which was laid down in the case of *Tompkins* v. *Elliot,* (5 *Wend.* 496,) that in order to ascertain whether covenants are dependent or independent, we must construe them according to the meaning of the parties and the good sense of the case, the conclusion here must be that the covenant to obtain a renewal of the lease, is independent of the other covenants contained in the agreement.

The next objection taken to the declaration is, that the second count does not alledge a sufficient demand of the mortgage, mentioned in the agreement. In the cases which were cited on the argument, *Connelly* v. *Pierce,* (7 *Wend.* 129,) *Blood* v. *Goodrich,* (9 *Id.* 68,) *Fuller* v. *Hubbard,* (6 *Cowen,* 9,) the rule was laid down that there should be two demands, in order to give the party a reasonable time to prepare and execute a deed, unless a deed drawn up in proper form should be offered for execution, or there should be a positive refusal on the first demand. But this is laid down as a rule of evidence, and not as a rule of pleading.

The next objection taken is, that no time of performance is averred in either of the counts demurred to. In the case of *Osborn* v. *Lawrence,* (9 *Wend.* 135,) where the contract, as in this case, did not contain any time for performance, it was held that the declaration was bad on special demurrer, because it did not aver that the act was to be done either upon request, or within a reasonable time, according to the legal effect of the agreement. But this is a defect in form merely. It is provided by section 176 of the code, that the court shall, in every stage of an action, disregard any error or defect in the pleadings

which shall not affect the substantial rights of the adverse party. And section 459 declares that the provisions of the code shall apply to future proceedings in suits heretofore commenced.

The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to plead in twenty days; and as the demurrer was well taken at the time it was filed, without costs.

