W. H. DODD & CO., Respondent, v. JOSEPH DENNY, Appellant.

VARIANCE NOT MATERIAL UNLESS PARTY IS MISLED.— Under the code no variance between the allegations of a pleading and the proof is material unless the adverse party has been actually misled by it to his prejudice in maintaining his action or defense upon the merits.

IDEM.—When such variance occurs, it should be shown to the satisfaction of the court, and in what respect in order that the pleadings may be amended upon such terms as may be just.

PROMISSORY NOTE—WHEN TIME OF PAYMENT NOT STATED.—When no time of payment is expressed in a note, the law adjudges it to be due and payable immediately.

APPEAL from Benton County.

This is an action by the respondent upon a promissory note executed by appellant in respondent's favor for one hundred and twenty-seven dollars and interest. The complaint alleges the execution of the note, and that it was made payable " —— days after date " (there being no time of payment expressed.) It alleges that the note was made September 23, 1876; that no part of it has been paid, and that it is due.

The answer denies the execution of the note described in the complaint, and for a further defense alleges that appellant executed and delivered to respondent, on the said twenty-third day of September, 1876, at the city of Albany, Oregon, for value received, his certain promissory note for the sum of one hundred and twenty-seven dollars in gold coin, and which said note was made payable ninety days after date. That such note is not due and that it is the only note made by him in respondent's favor. Respondent offered in evidence a note signed by appellant which read as follows:

"$127.                    ALBANY, Oregon, Sept. 23, 1876.

" —— after date, without grace, for value received I promise to pay to the order of W. H. Dodd & Co., at the office of Hawley, Dodd & Co., at Portland, Oregon, one hundred and twenty-seven dollars, payable in gold coin of the United States of America, with interest thereon in like coin from date until paid, at the rate of one per cent. per month, for value received, etc."

Appellant objected to the introduction of this note as evidence on the ground of variance between the evidence offered and the pleadings. The objection was overruled, and respondent recovered judgment. The admission of this

paper in evidence is relied upon by the appellant as a ground for reversing the judgment.

*D. Vineyard, John Burnett and R. S. Strahan,* for appellant.

*F. A. Chenoweth,* for respondent.

By the Court, PRIM, C. J:

Under the code "no variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." And if appellant was so misled, he should have proven that fact to the satisfaction of the court, and in what respect he had been misled; and thereupon the court could have allowed the pleadings to have been amended upon such terms as should be just. (Civ. Code, 124, sec. 94.)

It was further contended that the note was not due until ninety days after date. It will be observed that the note bears date "Albany, Oregon, September 23, 1876," and reads: "—— after date, without grace, for value received, I promise to pay," etc. No time of payment having been expressed in the note, the law adjudges it to have been due and payable immediately. (8 John. 190; *Herrick* v. *Bennet*, 8 John. 189; *Pearsol* v. *Frazer*, 14 Barb. 564.)

Judgment affirmed.