WILLIAM T. KELLAM, Appellant, *v.* STEPHEN MCKINSTRY et al., Respondents.

Where C. contracted in writing to sell to W. & B. all the bark on the hem-·lock trees standing on a specified piece of land, to be paid for in install-ments, the purchasers agreeing " to have said bark peeled by the·first of September, 1864, piled, measured and settled for in full," they having " a right of free ingress and egress, to enter at any time and at all times upon " the premises :   *Held,* that the contract required the com-pletion and fulfillment thereof by the purchasers at the time specified, and upon failure to perform, their right to peel and carry away the bark terminated ; and therefore C., after such failure, having sold the bark to another, who peeled and removed the same, and sold it to defendants, that plaintiff, as assignee of W. & B., acquired no title and could not maintain an action for the conversion of the bark.

The principle that conditions in a grant are not favored in law, and must be clearly expressed, is not applicable to such a contract.

(Argued March 30, 1877 ; decided April 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a

judgment in favor of defendants entered upon a verdict. (Reported below, 6 Hun, 381.)

This action was for the alleged conversion of a quantity of hemlock bark. In June, 1859, one Corbin being in possession of 300 acres of land, which he held under a contract of sale from one Tuttle, entered into a contract in writing with Simeon D. Wood and Aaron Van Benschoten, by which he agreed to sell to said Wood and Van Benschoten all the hemlock bark then on the trees standing and growing on the 300 acres, which contract contained this clause: "The said party of the second part agree to peel said bark in a workmanlike manner, as said bark is generally peeled, and to peel 500 cords and upwards in each year, after the year 1859; and further agree to have said bark all peeled by the first day of September, 1864, piled, measured and settled for in full. It is further agreed that the parties of the second part shall have the right, liberty and privilege of free ingress and egress to enter at any time and at all times upon said lot to cut, peel and pile said bark, and to draw said bark away at any time hereafter, at the convenience of the said parties of the second part."

The parties of the second part agreed to pay seventy-five cents per cord for the bark, $300 down, and $500 annually thereafter. In June, 1862, Corbin assigned the contract to Tuttle. In April, 1866, Tuttle conveyed the premises and reassigned the contract. Wood and Van Benschoten did not peel and settle for the bark within the time specified.

In 1867 Corbin contracted with one Conway to peel the hemlock bark, and after this was done sold the same to Conway. Wood, who had bought out the interest of Van Benschoten under the contract, in July, 1867, executed a writing purporting to convey to plaintiff all of the hemlock then peeled and upon the premises, there being at that time about 300 cords.

The referee found that there was no extension of the time for taking said bark from the trees, and that the plaintiff knew that Conway claimed to have purchased the bark in

question, and was sending it away to market for sale, by
railway conveyance, and took no measures to prevent its
transportation, or notify purchasers of his claim; that Conway sold the said bark to the defendants, who paid for the
same before there was a demand made upon them for the
bark or the price thereof, except two car loads, being about
twenty-seven cords, which they had not paid for at the time
of the demand, but which they have since paid to said
Conway.

Further facts appear in the opinion.

*H. & W. J. Welch,* for the appellant. The provisions of
the bark contract should be construed as independent contracts, and not as conditions. (*Crary* v. *Wells,* 1 Kern., 315;
*Jackson* v. *McCullen,* 8 Cow., 296; *Atkinson* v. *V. & C. R.
R. Co.,* 26 Barb., 296, 298; 14 id., 564; 14 Wend., 219;
5 id., 496; *Pain* v. *Brown,* 37 N. Y., 232, 233; 20 id., 463;
8 How., 431; *Warner* v. *Leland,* 2 Barb., 622; *Edgarton*
v. *Peckham,* 11 Paige, 66; *Tallman* v. *Coffin,* 4 Comst., 138;
*Underhill* v. *Sar. R. R. Co.,* 20 Barb., 455.) If there is any
ambiguity in the contract it must be taken most favorable to
the grantees. (*Hathaway* v. *Powers,* 6 Hill, 453.) Where a
license is annexed as an incident to a valid grant, so that its
exercise is necessary to the possession or enjoyment of the
property or thing granted, it cannot be revoked. (*Jamison*
v. *Milleman,* 3 Duer, 358.) There was a waiver of the time
for peeling and removing the bark under the contract.
(*Young* v. *Hunter,* 6 N. Y., 208; *Clark* v. *Dales,* 20 Barb.,
64; *Dearbon* v. *Cross,* 7 Cow., 50; 12 Barb., 36; 63 N. Y.,
33.) Wood was the legal and equitable owner of the bark.
(55 N. Y., 462; *Silsbury* v. *McKoon,* 3 id., 381; 20 Wend.,
275; *Cobb* v. *Davis,* 9 Barb., 242; 39 id., 649; *Lawrence* v.
*Crager,* 40 id., 635; 5 Bos., 121, 130; 20 Wend., 277;
*Covil* v. *Hill,* 4 Den., 323.) Defendants cannot claim protection under the principles of an equitable estoppel. (3 Hill,
225; 5 Den., 154, 158, 8 Wend., 48; 5 N. Y., 401; 30 id.,
524, 525; 42 id., 448; 18 id., 394; 4 id., 309; *Barnard* v.

*Campbell*, 55 id., 463; *Dezell* v. *Odell,* 3 Hill, 216, 226; *Pain* v. *Burnham*, 62 N. Y., 69, 73.)

*S. W. Fullerton*, for the respondents.    There was nothing in the testimony to prove an extension of the contract. (*Hasbrouck* v. *Tappen*, 15 J. R., 200; *Bennett* v. *Scott*, 18 Barb., 347; *Lawrence* v. *Smith*, 37 How. Pr., 327; *Boisaubin* v. *Reed*, 2 Keyes, 323; *Green* v. *Armstrong*, 1 Den., 550; *McIntyre* v *Barnard*, 1 Sand. Ch., 52.)    The bark remaining unpeeled September 1, 1864, belonged to Corbin, the owner of the land.   (2 Keyes, 323; 1 Sand. Ch., 52.) Plaintiff is estopped from claiming, as against defendants, the bark Conway sold and delivered to them.   (4 Cow., 303, 310; *State* v. *Holloway*, 8 Blackf., 4; *Gatting* v. *Rodman*, 6 Ind., 287; *Richardson* v. *Chickering*, 1 N. H., 380.)

MILLER, J.   The plaintiff's claim to recover the value of the hemlock bark in question arises as assignee of a contract made between one Corbin of the first part, and Wood and Van Benschoten of the second part, by which Corbin agreed to sell and convey, and did thereby sell and transfer to Wood and Van Benschoten all the hemlock bark on the trees standing and growing upon a tract of land therein described.   The contract contained a clause by which the parties of the second part agreed to peel said bark, and "to have said bark all peeled by the first of September, 1864, piled, measured, and settled for in full."   The contract also contained a provision conferring a right of free ingress and egress to enter at any time or all times upon the premises for the purposes mentioned.   The bark was not peeled and taken away within the time named, and Corbin, who held an absolute title to the premises in 1867, from Tuttle, with whom he had previously made a contract of purchase, had the bark in question peeled by and sold it to one Conway, who sold the same to the defendants, who were purchasers in good faith, and had no notice of the plaintiff's claim of ownership, except as to a very small portion of the bark.

The question to be determined is one of title, and the solution of the same depends upon the construction to be placed upon the contract referred to. The fair intendment and reasonable interpretation of the contract is, that it was to be completed and fulfilled by the first of September, 1864, and unless so completed the right to peel and carry away the bark would be terminated. Such would be its ordinary reading, and the right of entering for the purpose of carrying out the terms of the contract must be considered as connected with the preceding portion of the agreement. It could not upon any legal ground be regarded as extending beyond that, when a time is fixed for the final termination of the contract. As no question arises as to the right to carry away such bark as was peeled, measured and piled, it is not necessary to consider that subject. The plaintiff's counsel insists that all the provisions in the contract relating to the time and manner of peeling, and the payment for the bark, are independent of the conveyance, and are not conditions, and hence the remedy of the owner of the land was for a breach of the condition in failing to fulfill the contract within the time named, and that the plaintiff's right to the bark is not affected by such failure. We are referred to a number of authorities to uphold the position contended for. They mostly relate to sales and contracts in regard to real estate, and while they establish the principle that conditions in a grant are not favored in law, and should be clearly expressed, we think that they have no application to a contract of the character of the one now considered. It related to the sale of a portion of the products of the soil, and its removal from the same, and it would seem but reasonable to limit the time within which such removals should take place. If no time was fixed, the purchasers of the bark might take a number of years for its removal, and thus seriously interfere with and destroy perhaps the right to the enjoyment of the soil.

This never could have been intended, as the time for which an action would lie for the recovery of damages would be

postponed far beyond any ordinary limits, so as to render the relief of but little, if of any, avail.

The cases cited by the appellant's counsel (*Craig* v. *Wells*, 1. Kern., 315; *Jackson* v. *McClallen*, 8 Cow., 296; *Aikin* v. *Vt. & C. R. R. Co.*, 26 Barb., 296; *Tompkins* v. *Elliot*, 5 Wend., 497; *Betts* v. *Perine*, 14 Wend., 219; *Pearsoll* v. *Frazer*, 14 Barb., 564; *Paine* v. *Brown*, 37 N. Y., 232) have therefore no application. That the contract was to be limited in the absence of any extension or waiver of the time within which it was to be performed to such bark as should be peeled and paid for within the time provided for, is also abundantly sustained by authority. In *Boisaubin* v. *Reed*, 2 Keyes, 323, under a contract for the sale of timber on certain land, with the right to enter upon said land for the purpose of cutting and carrying away said timber, " for and during the term of ten years," it was held, that the party claiming under the contract, could not enter after the expiration of the term limited for the removal of the timber cut before the expiration of the term. It was said that every entry afterwards was without license, and a clear trespass, and to hold that the continuation of the right to remove after the time agreed upon has expired, is to disregard the agreement, or to make a new one. The deed under which the defendant claimed in the case last cited, granted, bargained, and sold bark and pine timber, and gave the right to enter and occupy the lands on which it was growing for the term of ten years, for the purpose of cutting, taking, and carrying away the same. There was an absolute grant by deed, while here it was a mere contract of sale. In *McIntyre* v. *Barnard*, 1 Sandf. Chy., 52, a similar contract was construed in the same manner. In this case there was a grant of all the timber, with the right of entering upon the land until a time named, to cut and remove the same, and it was held that after that day the grantees had no interest or right in the standing timber. It was said that at the rate in which the timber had been removed, it would take thirty years from the date of the grant to take it off,

and if it was all granted the defendant might be three hundred instead of thirty in taking it off, which would inevitably result in making the right of soil not only of little value, but to destroy its value altogether. In *Warner* v. *Leland*, 2 Barb., 613, the last decision is approved. The remarks of the judge, in the opinion, as to the concession by the assistant vice-chancellor in regard to the *habendum* clause, does not impair the force of the decision, for it is evident that he referred especially to the provision as to the time when the contract was to end. The cases last cited are directly in point, and entitled to great weight, unless there are some grounds for holding that there has been a waiver or extension of the time for peeling and removing the bark. Such, we think, is not the fact, and although it is urged that such waiver was made, the claim is not well founded. To sustain this position, reliance is placed upon what took place between Wood and Sidney Tuttle, who held the fee of the land, and the vendor's interest in the bark contract by assignment from Corbin, until April, 1866, when he conveyed the land and assigned the contract back to Corbin. Wood testified that in 1863, before the contract expired, he asked Tuttle for an extension; that Tuttle had no objection, and requested him to see Corbin, as he did not wish to interfere; but he finally promised to write Corbin, and let Wood know what they would agree to. Up to this time clearly there was no waiver or extension, as no consent was given. Tuttle afterwards wrote Wood that Corbin was willing, but he and Corbin could arrange to suit themselves. This was never done, and Wood never called upon Corbin until 1865, after the time had expired. He requested Corbin to go with him, and see on what portion of the land he wanted the bark peeled, that he went over the land, and Corbin designated the place, and then said he had made up his mind not to have any bark peeled until he ascertained how he stood, or had made a settlement with Tuttle. These facts scarcely warrant the conclusion that as a matter of law there was a waiver or extension of the time. Nor is there

anything in the receipt of Tuttle to the effect that he would not require any further payments until the bark was peeled and measured according to contract, which shows such extension. In view of all the circumstances the finding of the referee, that there was no extension, cannot be regarded as erroneous. As the title in the bark was not in the plaintiff, and he failed to establish a right to the same, it is not important to consider the question whether the plaintiff was estopped from claiming, as against the defendants, the bark which Conway sold to them, and the finding of the referee in this respect is immaterial.

There was no error in the disposition of the case, and the judgment should be affirmed.

All concur, ALLEN and FOLGER, J.J., absent.

Judgment affirmed.