Crew, J.
The case presented by the record now before us is obviously controlled and must be determined by the construction proper to be placed upon the reservation clause found in the deed executed by defendants in error as grantors, to the plaintiff in error, James J. Walcutt, as grantee, in February, 1905. Said deed was a deed of warranty and convej^ed to said James J. Walcutt about two hundred acres of land situate in the townships of Monroe and Washington in Richland county,. Ohio, subject, however, to the following exception and reservation, to-wit: “Saving and excepting that all timber now on west side of this farm — about sixty acres — is hereby reserved by the said grantors, together with the privilege of going on to said farm and removing same any time within two years and six months from February 15, 1905.” The question here presented is: Did the grantors by this language exclude from the operation of said grant, and thus reserve to themselves the absolute ownership and title to the timber growing upon said sixty acres at the time of the execution of said conveyance ; or did they thereby reserve and secure to themselves only the right to cut and remove so much of the timber growing thereon as they might cut and remove within two years and six months from February 1-5, 1905? It is the contention of plaintiff in error that the latter construction is the one proper to be eriven the clause of the deed above cited, and therefore it is claimed, that de *270 fendants not having cut and removed all the timber within the time stipulated for its' removal, the reservation or exception contained in the deed lapsed, and the title to all of said timber then remaining on the premises — as well that theretofore severed from the realty as that left standing— passed to the owner of the land, and that the latter had the right to hold and retain the same as his own, or it having been converted had the right to sue for and recover its value. Such claim we think is contrary to the clear weight of authority, and is not a correct statement of the law governing in such cases. In Plumer v. Prescott, 43 N. H., 277, which was an action for trespass, the contract was for the sale of all wood and timber on certain land belonging to plaintiff, the same to be cut and removed within a designated time. The wood and timber was all cut before the time named, and all the timber and part of the wood hauled off the premises. The balance was removed by defendant after the time limited for its removal. The court in that case said: “The question is, whether in an action of trespass for breaking and entering this tract of land after October 1, the plaintiff is entitled to include in his damages the value of the wood thus hauled off. Assuming that the sale was limited to such trees as were cut during the time specified (as would seem to be the doctrine of Pease v. Gibson, 6 Greenl., 81; recognized in Putney v. Day, 6 N. H., 430; and also of Kemble v. Dresser, 1 Met., 271; and Reed v. Merrfield, 10 Met., 155) still it does not follow that the vendee acquires no property in such trees as he had cut before the expiration of the time *271 limited, although he permitted them to remain until after. Until cut they may be regarded as part of the soil in which they are rooted; and so it is decided in Green v. Armstrong, 1 Denio, 550; and Olmstead v. Niles, 7 N. H., 522; and it might well be held, that no interest remained to the vendee in the land, or in the trees which are parcel of it, after the time limited in the contract. Otherwise, we should be driven to hold that the interest of the vendee in the land was not governed by the contract, but was extended beyond it indefinitely, by an assumption that a property in the trees as chattels, and not as parcel of the soil, was vested in the vendee, and at the same time giving him the use of the land for their support. When, however, these trees are lawfully cut by the vendee, within the time limited by the contract, they cease to be parcel of the land and become the personal property of the vendee; and unless it can be considered that he has waived oi; forfeited his title to the timber by neglecting to remove it within the time, it must stand for aught we can see upon the footing of other personal property of the vendee’, which, by his fault or neglect, and without any fault of the vendor, is upon the land of the latter. It is very clear, we think, that having been lawfully severed from the land, it has become personal property, and at any period before the expiration of the limited time, at least, the title is vested in the vendee as fully as any other chattels. If this be the case, it is difficult to see how the title can be lost by the neglect to remove it.” For the reasons stated the court held that plaintiff was not entitled to judgment for the value of the *272 wood taken. The same rule was applied in Irons v. Webb, 41 N. J. L., 203, where the reservation in the deed was in these words: “Excepting and reserving the timber on the said land being conveyed, for the removal of which the said party of the second part agrees to and with the said party of the first part that he, the said party of the second part, that he will give two years from the date hereof to the said party of the first part.” In the opinion in this case Beasley, Chief Justice, says: “The plaintiff founds his action in this case on the proposition that the timber in controversy was conveyed to him in an absolute form and clear of all conditions, and that the subsequent-clause in the deed, restricting to the period of two years his right to enter upon the premises to remove such timber, had no effect on his title, either to limit or otherwise condition it. In opposition to this, the contention of the defendant is that the plaintiff, by the right construction of the conveyance, became entitled only to such of the timber as was removed by him from the premises within the period designated. My examination of this subject has led me to the conclusion that the construction of this conveyance claimed in behalf of the plaintiff is correct. * * * In the present case, if the contention of the defendant is right, then this timber continued to be the property of the plaintiff up to the running out of the two years, and then, by its non-removal it became forfeited and passed to the defendant; and it is entirely obvious- that such a condition is not favored in law, and that it will not be raised up by implication, unless by the force of demonstrative *273 indication. Looking at the terms of the present agreement and its subject matter, I can see no mark, certainly no decisive mark, signifying that it was the intention of these parties that by the plaintiff's neglect to remove the timber it should be forfeited to the defendant. Such a purpose, it is certain, is not contained in any part of the language of the instrument; for it nowhere says that, in any event, the title to the timber is to pass to the grantee. As a consequence, as it is not in the words, such a right must be derived by inference from the nature of the transaction itself. ’ But, then, what feature of the business is to have such an effect? The only particular relied on is the circumstance that if the timber was permitted to remain on the premises until the time of- removal had expired, it became unlawful to enter for the purpose of taking- it away. But the effect of such an incident is not in law to work a forfeiture of title. Such a position of property is not uncommon. Chattels are frequently placed, or left, by their owner, on the land of another without his permission, but it will scarcely be pretended that, by so doing, the title to such chattels becomes vested in the proprietor of the land. In such case, the landowner has an adequate remedy for the wrong suffered by him: he is entitled to be indemnified for all the loss he may have sustained by having had his land illegally burthened by chattels placed there without right, and in consequence of the entry to remove them; and m this way, instead of by the exorbitant method of a forfeiture of such chattels, the law anolies to tue case its ordinary measure of damages, and thus *274 gives compensation.” In Erskine v. Savage, 96 Me., 57, the deed contained the following reservation : “Reserving all hard and soft wood growth thereon, with right of entry upon the premises at any and all times for a period of five years from the date hereof with men and teams for the purpose of cutting and removing the same.” The grantor afterwards sold to the plaintiff by “bill of sale” all rights reserved to himself by the foregoing reservation. Within the five years the plaintiff cut all the wood reserved, but some of it had hot been removed before the expiration of that period. Thereupon the defendant forbade the removal of the remaining wood, and for this alleged conversion trover was brought. Held: “That the wood remained part of the real estate until severed from the soil; that as soon as it was severed, within the period limited,' it became personal property, that the title then vested in the plaintiff, and that plaintiff did not lose his title to the. wood cut, but not removed, by failure to remove it within the five-year period.” In the comparatively recent case of Alexander v. Bauer, 94 Minn., 174, under a contract whereby defendant was to have until a certain time to cut and remove several thousand feet of logs from the plaintiff’s land, a portion of which was cut before the limitation provided for in the contract expired, but was not removed until six months after-wards, it was held: “That upon the failure to remove the logs before the time limited, the title thereof did not revert to and become reinvested in.the owner of the land.” The court in the opinion says: “Conceding, as necessary, that the case *275 calls for a construction of the terms of the agreement, which provides that the defendant had a right to 'cut and remove’ until June 1, 1902, we are not able' to adopt the view that this embraced a provision for forfeiture of defendant’s acquired rights, whereby the title to the property was to depend absolutely -upon' the actual removal of the severed logs before that time. Tt cannot be doubted that the defendant’s right to cut the logs was clear, and that he could avail himself of that privilege previous to the expiration of such limitation ; but it does not conclusively follow that the character of the property was changed from personal chattels, the defendant’s dominion over which, for the time at least, was plain and absolute, to an interest in real estate, nor that by the failure to remove it was to revert to and revest in the plaintiff. If this followed, the defendant would lose the benefit of his entire .labor, as well as the right to that which for a period of time had remained in him, with all the benefits and incidents which attach to personal property. It is true that there are decisions which, upon examination, will justify such conclusion — as, notably, the case of Boisaubin v. Reed, 2 Keyes, 323, and some other cases of similar import. We are not satisfied with the principles upon which these cases rest. It seems much more equitable and just, as well as consonant with the rights of the parties and the analogies of the law, to hold that as to standing timber, which is a part of the freehold, when cut under the authority' of the owner and converted into chattel property, the ownership of which becomes vested in the person cutting the *276 same, while the right to remove is limited to a certain time, there is no implied condition that such title shall revert if the independent duty to remove it is not strictly performed. Or in other words, that, by failure to perform the agreed duty to remove, the owner’s rights would become absolutely and irrevocably forfeited. That there might be an action for trespass against the defendant upon the freehold, if the person cutting the logs should enter thereon after the limitation, may be true, or that damages for occupation of the land would follow from a removal after this time might also be true; but we are not prepared to approve any decision which holds that there is an implied Condition upon which the right to the title to property, once vested, can be changed by the failure or breach thereof, and retransfer the title to the entire property.” The rule and doctrine announced by the authorities above cited was also applied in Halstead v. Jessup, 150 Ind., 85; Hicks v. Smith, 77 Wis., 146; Goodwin v. Hubbard, 47 Me., 595; Hoit v. Stratton Mills, 54 N. H., 109.
The authority and reasoning exhibited in the foregoing cases would appear to be, and we think is, decisive of the case at bar, as obviously, defendants in the present case cannot be held liable to plaintiff for the value of the timber removed by them after February 15, 1907, if at the time of its removal it was-their property. The case of Clark v. Guest, 54 Ohio St., 298, relied upon by counsel for plaintiff in error, is clearly distinguishable from the case now under consideration, in that, there was involved in Clark v. Guest no question whatever as to the ownership of timber that had *277 been severed from the land; and it sufficiently appears from the syllabus in the case that the word “timber” as used by Furket, J., in the opinion in that case, had reference to growing timber; timber, which in the language of the syllabus, “adhered in the land,” and was a part of the realty. In the present controversy there is now in dispute only so much of the timber reserved by the grantors— defendants in error — as had by them been severed from the realty prior to February 15, 1907, no claim being here made by them to any portion of the timber then left standing and uncut. It follows therefore that the timber in controversy having' all been lawfully cut by defendants in error within the time limited and reserved in their deed, the same ceased to be parcel of the real estate and became their personal property, and in consequence, there being no clause of forfeiture in the deed, they cannot be held liable to plaintiff for the value of the property taken, although the same was not removed until after the limitation period' named in the deed had expired. The view we have taken in this case makes it unnecessary for us to notice or consider the effect of the arrangement and agreement entered into between the parties, while this cause was pending in the court of common pleas, touching the removal of this property by the defendants.

Judgment affirmed.

Summers, C. J., Davis, Siiauck and Price, JJ., concur. .,