## ABBIE A. POTTS *vs.* STEPHEN NEWELL & others.

### April 28, 1876.

**Mortgage of Undivided Third of Crop.**—Where O'N. contracted to deliver to G., when the crop should be threshed, one-third of a certain crop of wheat, the third to be set apart at the threshing machine, the right of G. under the contract is assignable, and, it not appearing that he has or claims any other right with respect to the crop, it will pass by a chattel mortgage of "all the right, title and interest of the said G. in and to that certain crop of wheat," describing it, so that, when set apart, the title to the third will at once vest in the mortgagee.

Plaintiff brought this action to recover for the conversion of certain wheat. The plaintiff claimed title to the wheat under a chattel mortgage from one Gauthier. The defendants, in their answer, alleged that the mortgage passed no title to plaintiff, that it was fraudulent as to creditors, and that the defendant Newell, as sheriff of Dakota county, took and sold the wheat under and by virtue of an execution on a judgment against Gauthier, and in favor of the other defendants. At the trial, in the court of common pleas of Ramsey county, it appeared that in April, 1875, Gauthier, being the owner of a farm in Dakota county, let it to one O'Neil to be cultivated on shares, Gauthier to receive one-third of the crop at the threshing machine when threshed. On August 23, 1873, the entire crop having been harvested and being in the shock, Gauthier made to plaintiff a mortgage of all his right, title and interest therein, to secure an antecedent debt, which mortgage authorized the plaintiff to take possession in case of a removal of the property, and was duly filed on the day of its execution. The levy, by defendant Newell, was made on August 27, (while the wheat was still in the shock,) and, when it was threshed, he carried away and sold the one-third set apart for Gauthier. Plaintiff also proved a proper notice to, and demand on, the sheriff. The defendants offered in evidence the record of the judgment on which the execution was issued, which was excluded on objections made by plaintiff to the validity of the judgment. *Simons,* J., before whom the case was tried, directed a verdict for defendants, but afterwards granted a new trial, and from the order granting a new trial the defendants appealed.

*Simonton & Reid,* for appellants.

*O'Brien & Eller,* for respondent.

GILFILLAN, C. J.[1]  Conceding, as is contended by defendants, that the contract between Gauthier and O'Neil created

[1] Berry, J., did not sit in this case.

the relation of landlord and tenant, and that the title to the entire crops was in O'Neil until the one-third which he was to pay or deliver to Gauthier as rent should be set apart as agreed upon, still the plaintiff, as the case stands, was entitled to recover. In that view of the character of the contract, Gauthier had, under it, the right to demand and receive one-third of the wheat as soon as it was threshed, and this right would draw to it the legal title to the third the instant the separation should be made as agreed upon. This right of Gauthier was as clearly assignable as the right to receive a specified rent in money, and, in case of assignment, the title to the third of the wheat would, upon its being set apart, vest at once in the assignee, precisely as it would vest in the assignor if no assignment were made.

The mortgage describes the property intended by it as " all the right, title and interest of the said Louis Gauthier in and to that certain crop of wheat raised upon the land of the said Gauthier, situated in the town of Egan, county of Dakota, and state of Minnesota, by one Robert O'Neil, during the year 1875," the crop then having been cut and then standing in the shock on the land. As it does not appear that Gauthier had or claimed any right, title or interest with respect to the wheat, except the right, under his contract with O'Neil, to demand and receive one-third of it, the presumption must be that he intended to pass that right, although it may not be very accurately described in the mortgage. This being so, the wheat sued for became the property of the plaintiff the instant it was set apart.

Order affirmed.