### HOYT A. AVERY v. SYLVESTER STEWART.

December 22, 1898.

Nos. 11,302—(162).

### Farm Contract—Title of Crop in Owner—Action for Conversion—Evidence.

A contract for farming on shares provided that the title and possession of the crops raised should remain in the owner until division. In an action of trover brought by such owner against a third person for the conversion of wheat raised under the contract and disposed of by the occupier, *held* it conclusively appears by the evidence that there had been no division, and that such occupier took away and disposed of a part of the share of such owner.

### Same—Title.

*Held*, further, until division, the title to all of the grain remained in such owner as security that he would not be wrongfully deprived of his share by the occupier, and he is entitled to recover.

Action in the district court for Stevens county to recover $391.25, for the conversion of 546 bushels of wheat by defendant. The

cause was tried before C. L. Brown, J., and a jury, which rendered a verdict for $311.61 in favor of plaintiff. From an order denying a new trial, defendant appealed. Affirmed.

*H. T. Bevans* and *James I. Best,* for appellant.

*Geo. E. Darling,* for respondent.

CANTY, J.

On February 1, 1897, a certain savings bank was the owner of a certain section of land in this state, on which there were 400 acres of land under cultivation. On that day the bank entered into a contract with one Dolven, whereby he agreed during the following spring to sow 350 acres of the 400 to wheat, and the other 50 acres to oats, to harvest and thresh said grain, and furnish all machinery and labor therefor. It was further agreed that the bank was to retain all the wheat grown on an average 50 acres of the 350 acres of wheat, and one-half the wheat grown on the other 300 acres; Dolven to have the other half, and all of the 50 acres of oats, on the full performance on his part of all the conditions of the contract. It was further provided that, until division of the grain, he could not remove any of it, and until such division the title and possession of all of the grain should remain in the bank. In May of that year the bank assigned this contract to plaintiff.

Dolven sowed, harvested and threshed the grain. He subsequently removed and sold some of the wheat to defendant, and plaintiff brought this action for the conversion of the same. On the trial, the court ordered a verdict for plaintiff, and, from an order denying a new trial, defendant appeals.

The only point urged is that, on the evidence, the jury were warranted in finding a verdict for defendant, and therefore the court erred in ordering a verdict for plaintiff. We cannot so hold. The sale and delivery of the wheat to defendant was conclusively proved, and the value of. it was admitted. As a defense, defendant introduced evidence tending to prove that, at the time of threshing, Dolven divided all of the wheat into two equal parts, and put one part in a bin in the granary for plaintiff, and the other part in another bin for himself; that he subsequently hauled the part intended for plaintiff to the elevator, as provided by the contract,

and delivered it there for plaintiff, and he hauled off and sold as his own the other half of the wheat.

It was also proved that plaintiff's agents were present at the time of the threshing of a part of this wheat, and assisted in so dividing such part. But it did not appear what authority these agents had, or that they had authority to give away or deliver to Dolven, as his own, one-half of the wheat, when, under the contract, plaintiff was entitled to four-sevenths of it. Neither does it appear that these agents ever intended to give Dolven one-half of all the wheat, or that they had authority to, or intended to vest in Dolven the title to any of the wheat, until the division of all of it was completed in the proportions specified in the contract.

In Anderson v. Liston, 69 Minn. 82, 72 N. W. 52, we held that while the owner and occupier of the land were, under such a contract, tenants in common of the crops, the title to the crops remained in the owner as security for the performance of the contract on the part of the occupier; and it may be added that, until division, the title to the whole remains in the owner as security that his own share will not be wrongfully withheld from him by the occupier.

In our opinion, the evidence was conclusive that there had been no division, that plaintiff was deprived of a part of his share, and that such part is greater than the amount received by defendant. Therefore the court did not err in ordering a verdict for plaintiff.

Order affirmed.

An application for a reargument having been made the following opinion was filed January 31, 1899:

CANTY, J.

The motion for a reargument is denied.

In the closing words of the opinion we inadvertently stated that the evidence is conclusive that plaintiff was deprived of a part of his share of the wheat, which part is "greater than the amount received by defendant." This statement is not warranted by the evidence. But, in our opinion, the burden was on the defendant to show the total amount of wheat raised on the land, so as to show

what amount was plaintiff's share. Defendant did not maintain this burden.

The evidence on behalf of defendant was directed mainly towards proving a division of the wheat into two equal parts. Evidence was given that each of three certain men employed by plaintiff kept tally at the threshing machine of the amount of wheat threshed, while he was present. Dolven testified that those three men checked a total of 2,425 bushels, but his testimony cannot, in our opinion, be fairly construed to mean that this was all the wheat raised on the farm.

In order to devest the legal title of the landlord or owner to the tenant's share of the wheat, the latter must properly account for all the wheat raised on the farm. We cannot hold that he has done so, by the ambiguous evidence given by him in this case. The defendant stands in no better position than would such tenant or occupier if the action was brought against the latter.