R. A. GRAVES v. MICHAEL WALTER.[1]

November 18, 1904.

Nos. 14,005—(67).

**Landlord and Tenant.**

In an action by a landowner to recover possession of the cropper's share of grain raised by him pursuant to a contract to cultivate the land for a share of the crops, *held*, the evidence was not sufficient to sustain a verdict for the plaintiff.

Action in replevin in the district court for Big Stone county, to recover certain grain in possession of defendant. The case was tried before Flaherty, J., who granted a motion to dismiss upon the close of

[1] Reported in 101 N. W. 297.

plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Ray G. Farrington,* for appellant.

*A. B. Kaercher,* for respondent.

START, C. J.

The parties hereto on September 18, 1901, entered into a written contract whereby the defendant was to farm certain land belonging to the plaintiff on shares for the year ending October 1, 1902. The contract provided that the defendant should receive two-thirds of the crops to be raised on the land, and the plaintiff the other one-third. The contract was substantially like those construed and considered in the cases of Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; Avery v. Stewart, 75 Minn. 106, 77 N. W. 560, 78 N. W. 244; and McNeal v. Rider, 79 Minn. 153, 81 N. W. 830. It contained, with others, a provision to the effect that the title to all crops to be raised on the land until a division thereof should be and remain in the plaintiff, with the right to hold enough of the crops which would on the division of the same belong to the defendant to repay any advances made to the defendant, and further that, if the defendant failed to perform the terms of the contract on his part, the plaintiff might enter upon the land, take possession thereof, and do all things left undone by the defendant, and retain or sell sufficient of his share of the crops to pay the expenses incurred thereby.

The defendant entered into possession of the land pursuant to the contract and cropped it. On September 13, 1902, the grain so raised was threshed. The plaintiff had an agent present when the grain was threshed to look after his interests. Two-thirds of the grain as it was threshed was placed in the granary on the farm for the defendant, and the other one-third was hauled away for the plaintiff. Two days thereafter, and on September 15, the plaintiff commenced this action in claim and delivery to recover possession of the grain so placed in the granary. The complaint alleged that the plaintiff was the owner and entitled to the possession thereof, and that the defendant was in the possession thereof and wrongfully detained it. The answer denied the allegations of the complaint, and alleged that the defendant

was the owner of the grain and entitled to the possession thereof. The action was tried on March 13, 1903, and the court at the close of the plaintiff's case dismissed the action. The plaintiff appealed from an order denying his motion for a new trial.

If the evidence, taking the most favorable view of it for the plaintiff, would sustain a verdict for him, the action of the trial court was erroneous; otherwise not. The defendant claims that the evidence conclusively shows that there was a division of the grain, that the plaintiff took his share away and sold it, and that the defendant's share was placed in the granary on the land for him. If this be correct, it would follow that a division of the grain by the plaintiff, and a delivery to the defendant of his share, would be a waiver of any lien the plaintiff might have had on the defendant's share. The evidence, however, is not conclusive on this point. It does, however, show that the plaintiff sent a party to look after his interest at the time the grain was threshed, and that the grain was actually divided by this party and the defendant, but his authority to make such division is denied by the plaintiff. While the evidence is quite persuasive that the party was so authorized, yet the question of his authority in the premises was, under the evidence, one of fact.

In determining whether the evidence would have justified a finding by the jury that the plaintiff was entitled to the possession of the grain in question, it is important to keep in mind that when this action was commenced the defendant's share of the grain was on the land in the granary, where it belonged; that the time for the performance of the contract by the defendant had not then expired; that the action was tried some five months after the time limited for such performance; and further that the plaintiff had no claim for advances made to the defendant. The plaintiff on the trial claimed that the defendant failed to put in some twenty acres to crop. The evidence is to the effect that this tract had been seeded to timothy, and defendant was instructed to put it into crop if it did not give assurance of a good stand of timothy. Whether it proved to be good or bad, the evidence does not disclose, but it does show that the plaintiff got his share of the hay. It is clear that nothing can be claimed for this alleged breach. The next alleged breach is that the defendant did not plow twenty acres of land which was plowed when he took possession of the land.

The last one meriting any consideration is that he did not haul out the manure and spread it on the land.

Now, waiving the point urged by defendant that the time within which he was to perform had not expired, and that he was in no manner in default, when this action was brought, we are of the opinion, and so hold, that the action was rightly dismissed because there was no evidence to show that the plaintiff had sustained any damages by reason of the alleged failure of the defendant to perform his part of the contract. Although the time for the performance of the contract expired months before the trial of the action, there was no evidence that the plaintiff had caused the omitted plowing to be done, or what it would cost to do it. Nor was there any evidence as to how much manure there was to haul out, if any, or the cost of doing it.

So far as the evidence goes, the case is simply this: The plaintiff, by action, seizes the defendant's share of the crop, and seeks to retain it, without attempting to show that he has been damaged by the defendant's alleged failure to perform his part of the contract. The plaintiff's claim is that "the action was brought by plaintiff merely to preserve the security given him by the contract." But if he had a right to do so as a means of getting possession of the grain before actual entry upon the land, he could not fold his hands and hold the grain indefinitely. If the defendant was in default, then the plaintiff had a right to take possession of the grain and the land, and do all things left undone by the defendant, and retain or sell sufficient of his share of the grain to pay the expenses incurred thereby. This was the extent of the plaintiff's right, if any he had, to hold the grain in question; and the burden was upon him to establish the expenses or damages incurred by the defendant's alleged default, for the amount thereof was the extent of his lien on, or special property in, the defendant's share of the grain. Dodge v. Chandler, 13 Minn. 105 (114); La Crosse & Minnesota Steam Packet Co. v. Robertson, 13 Minn. 269 (291).

The evidence, for the reasons stated, would not sustain a verdict that the plaintiff was the owner and entitled to the possession of the grain in question. It follows that the court did not err in dismissing the action.

Order affirmed.