FRANK ALEXANDER v. H. D. BAUER.[1]

January 27, 1905.

Nos. 14,218—(195).

**Cutting Logs—Title.**

Claim and delivery to recover several thousand feet of logs. Under the terms of a contract whereby defendant was to have until a certain time to cut and remove the same from plaintiff's land, a portion thereof were cut before the limitation provided for in the contract expired, but were not removed until six months afterwards. *Held:*

1. That upon the failure to remove the logs before the time limited, the title thereof did not revert to and become reinvested in the owner of the land.

2. That the title to the logs cut after the time limited was in the owner of the land, who might recover the same.

3. That the extent of the remedy in favor of the landowner for the logs cut within the limitation were such damages as he might have sustained by reason of the trespass and occupation of his land.

Appeal by defendant from an order of the district court for Hubbard county, McClenahan, J., denying a motion for a new trial. Reversed and remanded with instructions.

*A. G. Broker,* for appellant.

*E. F. Crawford,* for respondent.

[1] Reported in 102 N. W. 387.

LOVELY, J.

Action in claim and delivery for the recovery of ninety five thousand feet of logs cut and skidded by defendant on the land of plaintiff in Hubbard county. The cause was tried to the court, who made findings of fact, holding that the plaintiff was the owner of the logs in question, and entitled to the possession thereof. Judgment was ordered accordingly.

Under the terms of the contract established in this case, one Koop acquired the right from the legal owners of the land described in the complaint to cut and remove the timber therefrom until June 1, 1902, which right was transferred March 8, 1902, to the defendant. It appears that ninety four thousand feet of these logs were cut before June 1, 1902, by defendant, the assignee of Koop; that afterward one thousand feet of logs were cut by the defendant; and that the whole thereof were removed from the land in the following December, some six months after the time specified by the terms of the contract.

Under the only assignment which we are required to consider on this review, there arises the construction of the terms of the contract authorizing the defendant to cut and remove the logs from the plaintiff's land within the time limited. The learned trial court was led to the conclusion that, under the weight of authority, the terms "cut and remove," in the contract, imposed upon the defendant the duty not only to cut the logs, but to remove the same, before the limitation expired, and that, upon his failure to do so, the title to all the logs severed from the soil reverted to the owner of the land, and the latter might recover the same. It is apparent from the memorandum opinion of the trial court that he was led to this conclusion partly by remarks in the case of King v. Merriman, 38 Minn. 47, 35 N. W. 570, where it is stated that in a very few cases, under these conditions, "if the timber be cut within the time, the property is in the vendee, although not removed within the limitation of the contract," and that "this doctrine would seem to be based upon the supposed hardships of such a case, rather than upon strict logic." The inference adopted by the learned judge who wrote the opinion in this case was not necessary to its decision, and, upon the view which we have taken, must be treated as dicta which should not control our present view.

Conceding, as necessary, that the case calls for a construction of the terms of the agreement, which provides that the defendant had a right

to "cut and remove" until June 1, 1902, we are not able to adopt the view that this embraced a provision for forfeiture of defendant's acquired rights, whereby the title to the property was to depend absolutely upon the actual removal of the severed logs before that time. It cannot be doubted that the defendant's right to cut the logs was clear, and that he could avail himself of that privilege previous to the expiration of such limitation; but it does not conclusively follow that the character of the property was changed from personal chattels, the defendant's dominion over which, for the time at least, was plain and absolute, to an interest in real estate, nor that by the failure to remove it was to revert to and revest in the plaintiff. If this followed, the defendant would lose the benefit of his entire labor, as well as the right to that which for a period of time had remained in him, with all the benefits and incidents which attach to personal property.

It is true that there are decisions which, upon examination, will justify such conclusion—as, notably, the case of Boisaubin v. Reed, 2 Keyes, 323, and some other cases of similar import. We are not satisfied with the principles upon which these cases rest. It seems much more equitable and just, as well as consonant with the rights of the parties and the analogies of the law, to hold that as to standing timber, which is a part of the freehold, when cut under the authority of the owner and converted into chattel property, the ownership of which becomes vested in the person cutting the same, while the right to remove is limited to a certain time, there is no implied condition that such title shall revert if the independent duty to remove it is not strictly performed. Or in other words, that, by failure to perform the agreed duty to remove, the owner's rights would become absolutely and irrevocably forfeited. That there might be an action for trespass against the defendant upon the freehold, if the person cutting the logs should enter thereon after the limitation, may be true, or that damages for occupation of the land would follow from a removal after this time might also be true; but we are not prepared to approve any decision which holds that there is an implied condition upon which the right to the title to property, once vested, can be changed by the failure or breach thereof, and retransfer the title to the entire property.

We are better satisfied with the conclusions of the court in Irons v. Webb, 41 N. J. L. 203. Although we do not quite appreciate some of

the distinctions made in that case, yet the result therein is in our view consistent with equity.  A case more clearly in point, and, to our minds, more satisfactory to our views of natural justice, is that of Hoit v. Stratton, 54 N. H. 109, which is so nearly in point that we are quite willing to adopt the result, and approve the reasons upon which it is decided.

With reference to the one thousand feet of logs which were cut after the limitation in the contract, we think there is no doubt that the plaintiff was entitled to recover the same, and to that extent only is the finding of the learned trial court in this case sustained.

It is therefore ordered that the order denying a new trial be reversed, and the cause be remanded, with directions to amend the conclusions of law providing that judgment be ordered for the defendant for the possession of the ninety four thousand feet of logs cut before June 1, 1902, and for the plaintiff for the one thousand feet of logs cut after that date.

Order reversed.