CHARLES N. DENISON v. P. H. SAWYER and Another.[1]

July 14, 1905.

Nos. 14,340—(39).

**Claim and Delivery.**

In an action in claim and delivery to recover the possession of certain crops, it is *held* that the findings of the trial court are sustained by the evidence.

**Statute of Frauds.**

A parol modification of a written contract for the cultivation of a farm, acted upon by the parties, and a crop of grain raised thereunder, is not void under the statute of frauds. Part performance takes it out of the operation of that statute.

**Mortgage of Crop.**

A tenant cultivating a farm under a contract by which he is entitled to one-half the crops raised may, before a division of the crops is had, mortgage his interest therein; subject, however, to all rights of the landlord as fixed by the terms of the tenancy.

**Assignments of Error.**

Various assignments considered, and *held* to present no reversible error.

Appeal by plaintiff from an order of the district court for Jackson county, Quinn, J., denying a motion for a new trial. Affirmed.

*Knox, Faber & Knox,* for appellant.

*Smith & Bissett,* for respondents.

BROWN, J.[2]

Action in claim and delivery to recover the possession of certain crops, in which, after trial before the court without a jury, judgment was ordered for defendants, and plaintiff appealed from an order denying his motion for a new trial.

The short facts in the case are as follows: Plaintiff owned the land on which the crops in question were raised, and one Hoff had been cultivating the same under a lease or farm contract prior to and during the year 1901. It is claimed by plaintiff that under and by virtue of the terms of this contract he was the sole owner of all the crops

---

[1] Reported in 104 N. W. 305.     [2] START, C. J., absent, took no part.

raised on the land. The original written contract under which Hoff was cultivating the land purports to be one of hiring, and provided that Hoff's compensation should be one-half the net proceeds of the crops raised. Some difficulty arose between plaintiff and Hoff, and on or about September 12, 1901, plaintiff caused the interest of Hoff in and to the crops raised during that year to be attached in an action brought against him to recover for money loaned. To release the attachment, Hoff, with defendants in this action, executed a bond of indemnity under the statutes, upon which the sheriff released the attachment. A like attachment was levied upon Hoff's interest in the crops in an action by one Dorr, who appears to have been an agent of plaintiff, and a similar bond was executed for its release. To secure these defendants against liability under such bonds and other indebtedness due defendant Wade, Hoff, on the day the bonds were delivered to the sheriff, executed and delivered to defendant Wade a chattel mortgage upon his undivided interest in the crops grown upon the land during that year, which included the grain in question in this action and other property. Acting under authority of this chattel mortgage, defendant entered upon the premises of plaintiff, where the crops were grown, and took possession of the one-half claimed to belong to Hoff under the terms of the contract then existing between Hoff and plaintiff, and under which it is claimed the land was cultivated that year; whereupon plaintiff brought this action to regain possession of the same. Defendants' sole right to the property rests on this chattel mortgage, and the validity of that instrument depends upon the question whether the original contract between Hoff and plaintiff was modified so as to provide that Hoff should have one-half the crops in lieu of one-half the net proceeds from the same. The action was tried in the court below without a jury, and judgment was ordered for defendants for the return of the property, it having been delivered to plaintiff, or, in case return could not be made, the value, assessed at $600.

One principal question of fact was presented to the court below, viz., whether the original contract between plaintiff and Hoff, by the terms of which the latter was to receive for his services in cultivating the land one-half the net proceeds of the crops raised, was subsequent to that time, and prior to the year 1901, changed and modified by the

consent and agreement of the parties to one by which Hoff was to have and receive one-half the crops in lieu of one-half the net proceeds thereof. The trial court found the contract was so modified, and the finding is assigned as error.

Counsel for plaintiff presented this feature of the case on the oral argument with much earnestness, and in an evident belief of the justice of his client's cause, but a careful examination of the evidence presented in the record does not sustain his contention. Hoff testified that prior to the year 1901 the written contract originally entered into was modified in the manner and to the extent just stated, and that he cultivated the land during that year under the modified conditions. This was flatly denied by plaintiff and his witnesses, thus presenting a square issue of fact for the trial court to determine. If the question were to be determined from the testimony of Hoff and plaintiff, we would probably be required to adopt the view of counsel for plaintiff, and hold Hoff's testimony, standing alone, too unreliable on which to base a finding in favor of defendants. But there was other evidence presented tending to prove the modification, given by members of his family, and strong corroborative circumstances appear from the acts and conduct of plaintiff and his agent. Certain members of Hoff's family testified to the modification of the contract, and it appears that subsequent to the time it is claimed the modification was made the crops raised on the farm were divided, one-half being delivered to plaintiff and one-half to Hoff, and separate bins in the granary were set apart for storing the grain of each. It also appears that prior to the time the mortgage here in question was executed to defendants, plaintiff caused Hoff's interest in the identical crops in question to be attached in an action brought against him to recover for money loaned, and two days subsequent to the execution of the mortgage procured from him a bill of sale of his interest therein, thus treating him as a joint owner of the property.

This testimony fully corroborates the testimony of Hoff to the effect that the contract was modified. Indeed, it seems difficult to reconcile the conduct of plaintiff himself with any other theory of the case. If, as now claimed, Hoff's interest in the crops was limited exclusively to a portion of the net proceeds, no reason is apparent why the crops should have been divided, or why plaintiff should obtain

from him a bill of sale of his interest therein. On this state of the evidence the conclusion is unavoidable that the findings are sustained by the evidence; at least they are not so clearly and palpably against it as to justify this court in setting them aside. In this view of the case it becomes unnecessary to consider what were the legal rights of plaintiff and Hoff under the terms of the original contract. Under the modified contract Hoff was entitled to one-half of the crops, and that interest passed by his mortgage to defendants. Nor was it necessary that the modification be in writing. The parties having acted upon it in its modified form, it was valid to the extent and during the period so acted upon and carried out. Evans v. Winona Lumber Co., 30 Minn. 515, 16 N. W. 404; Steele v. Anheuser-Busch Brewing Assn., 57 Minn. 18, 58 N. W. 685.

There can be no serious question of the legal right of Hoff to mortgage his interest in the crops, even before a division thereof was had by act of the parties. The parties were, within all our decisions, prior to a division, tenants in common; and the law is well settled that a party standing in that relation to the title may mortgage his undivided interest in the common property. McNeal v. Rider, 79 Minn. 153, 81 N. W. 830; Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; Avery v. Stewart, 75 Minn. 106, 77 N. W. 560, 78 N. W. 244. In the case of Potts v. Newell, 22 Minn. 561, it appeared by the terms of a farm contract that the tenant retained title to all crops raised thereunder until a division thereof by the consent of the parties at the threshing machine. It was held that the landlord had the right to mortgage his contingent interest before a division. The decision is in line with the general rule that one tenant in common may mortgage or assign his undivided interest in the common property. 5 Am. & Eng. Enc. (2d Ed.) 955. It does not, as argued by counsel for plaintiff, where the tenant mortgages his undivided interest, operate as the substitution of a new tenant, but only as a legal transfer of the tenant's interest in the common property, subject to the rights of the landlord as fixed and determined by the contract of tenancy.

Findings numbered eighteen and nineteen are assailed by plaintiff as wholly without evidence for their support. These findings are not justified by the evidence. We search the record in vain to find sup-

port for them. However, the matters covered thereby are wholly immaterial to the issues between the parties, and a reversal should not be ordered on the ground that they are not sustained by the evidence. If they were expunged from the record, the conclusions of law based upon other findings of fact would be sustained. The contention of plaintiff in this respect is that these particular findings disclose that the case was not fairly considered below. We are unable to adopt this view. The explanation made on the argument as to how these particular findings were made is plausible, and relieves the situation of any taint of unfairness on the part of the trial court. It appears that several actions between these parties, involving this and other property, all arising out of the relations between Hoff and plaintiff, were pending in the court below during the same period of time; and it is fair to believe that the trial court, in disposing of this case, unintentionally incorporated findings pertinent to some other case. But they are not ground for a reversal.

The assignments of error challenging certain rulings of the court on the admission or exclusion of evidence on the trial have been fully considered, with the result that no reversible error is disclosed. No accounting can be had in this action, it being one in claim and delivery, involving only the legal rights of the parties. Plaintiff, having adopted this course of procedure, is in no position to claim that the cost and expense of threshing the grain, or other unsettled matters concerning the tenancy of Hoff, are not taken into account or adjusted. By his action he asserted a legal right to the property, and, having failed to establish it, must return the property to defendants, adjusting all other matters in some other action.

The order appealed from is affirmed.