# BERTHOLD PRUDOEHL v. SAMUEL RANDALL.[1]

## June 18, 1909.

### Nos. 16,101—(69).

**Right of Tenant to Cut Wood.**

One clause in a farm lease is here construed to permit a tenant "to cut and haul off of the wood lot" owned by the landlord wood in an amount reasonable for his personal use for one season while on the premises, and also to take away from the premises the unused portion of such cut wood upon the vacation of the premises by a tenant on their sale by an owner in accordance with the lease.

**Judicial Notice of Farmers' Custom.**

The trial court properly took judicial note of a general custom among farmers to provide during the comparative leisure of winter and early spring a supply of wood sufficient for family use during the ensuing year.

**Tenant's Duty to Destroy Weeds—Damages.**

By another clause in the lease the tenant agreed to destroy all thistles and other noxious weeds stated by statute to be common nuisances within the times prescribed by law. Under the peculiar circumstances disclosed by this record, it is *held* that the charge given by the trial court was as favorable to the landlord as the record permits. That charge was that the measure of damages was what it would reasonably cost defendant to remove the thistles and other noxious weeds after the tenant's failure to perform his contract duty.

**Verdict Supported by Causes of Action.**

It is *held* that the jury's verdict was substantially supported by causes of action as to which no error was alleged, and by the cause of action as to wood in accordance herewith, upon the assumption that the counterclaims set up were admitted, except as herein stated.

Action in the district court for Winona county upon a cropping contract under which plaintiff, as tenant, surrendered possession upon notice to vacate because of a sale of the premises. The first cause of action was for $187 for one half of the hay; the second cause of action was for $100 for the conversion of eight cords of fire wood felled on the premises; the third cause of action was for $7.50 pasture money

[1]Reported in 121 N. W. 913.

received. The prayer was for an accounting by defendant of one half share in all grains, vegetables, hay, and produce raised during the season of 1907 and to recover the value thereof. The answer set up counterclaims for various breaches of the contract by plaintiff and demanded $125. The case was tried before Snow, J., and a jury which rendered a verdict in favor of plaintiff for $107.50. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Webber & Lees,* for appellant.

*Herbert M. Bierce,* for respondent.

JAGGARD, J.

Plaintiff leased defendant's farm. The contract which the parties signed was made by filling out a current blank form of agreement in common use. The plaintiff entered into possession of the farm and operated it for a period of about two years. During the second summer defendant sold the farm, gave plaintiff the notice provided for in the contract, paid him $100 stipulated for in case of a sale, and demanded that he vacate on the following September 1, as agreed. Plaintiff did not, however, vacate until some time about the middle of October following. He brought this action to recover damages resulting from the alleged failure of defendant to comply with the terms of the lease. Defendant put in issue these allegations, and set up by way of counterclaim various failures of plaintiff to perform. The jury returned a verdict for plaintiff in the sum of $107.50. This appeal was taken from an order denying defendant's motion to vacate the verdict and have a new trial.

The assignments of error involve the construction of a number of clauses of a form of farm lease in current use which has previously been construed by this court. See Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; Avery v. Stewart, 75 Minn. 106, 77 N. W. 560, 78 N. W. 244; McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437; Graves v. Walter, 93 Minn. 307, 101 N. W. 297.

One group of assignments charges error on the part of the trial court in its rulings and instructions pertaining to the item of wood cut by plaintiff on defendant's farm. The contract provided on this

point that "the party of the first part is accorded the right to cut and haul off of the wood lot owned by the second party such fuel as he personally needs for his own use, under the direction and guidance of the party of the second part." The trial court properly took judicial notice of "a general custom among farmers to provide during the comparative leisure of winter and early spring a supply of fuel sufficient for family use during the succeeding year." 5 Wigmore, Ev. p. 3617, § 2581; Ross v. Boswell, 60 Ind. 235; Abel v. Alexander, 45 Ind. 523, 528, 15 Am. 270.

In the light of such knowledge, this provision of the contract is susceptible of three constructions. It may mean that the plaintiff had the right merely to take wood from the wood lot and use it while he resided on the premises. This construction would exclude the right to take any part of the wood away in case the land was sold by the owner and vacated by the tenant before the wood cut would be used. Or the contract may mean that the tenant had the right, not only to cut and haul off the wood for reasonable family use for one season while on the premises, but also to take away from the premises the unused portion of such cut wood on the vacation of the premises by him pursuant to sale by the owner. Or it may mean that the tenant would have the right under such circumstances to all wood cut, whether sufficient for the current season's use or for more than that season.

The last construction is clearly unreasonable; the first conforms to the common-law rule; the second to that suggested by the construction applied to similar, but not at all identical, contracts for the cutting of timber by one person upon the land of another. Thus it was said in Alexander v. Bauer, 94 Minn. 174, at page 176, 102 N. W. 387, at page 388: "It seems much more equitable and just, as well as consonant with the rights of the parties and the analogies of the law, to hold that as to standing timber, which is a part of the freehold, when cut under the authority of the owner and converted into chattel property, the ownership of which becomes vested in the person cutting the same, while the right to remove is limited to a certain time, there is no implied condition that such title shall revert if the independent duty to remove is not strictly performed." And see Lumber Co. v. Corey, 140 N. C. 462, 53 S. E. 300, 6 L. R. A. (N. S.) 469.

This was the view of the contract which the trial court took. It seems to us to conform to the spirit of the provisions of the agreement taken as a whole. The clause allowing the tenant one hundred dollars on sale of the land by the owner is not necessarily inconsistent. That amount may fairly be regarded as allowed for the shortening of the term of the lease. It would be obviously unjust to deprive the tenant of the labor in cutting the wood which he had expended in accordance with other terms of the contract and to appropriate it to the landlord's benefit. Whether the charge actually given by the trial court on the point coincides with his own construction of that contract is not so clear. But under all the circumstances we have concluded that the variance does not constitute reversible error.

Another assignment of error is that pertaining to damages consequent upon the breach by plaintiff of his contract duty "to destroy all Russian thistles and other noxious weeds declared by statute to be common nuisances, within the times prescribed by law." Defendant made inquiry designed to show the damages done by plaintiff's failure. The objection to this offer was sustained. Defendant then offered to show by witnesses that when his farm was sold it was sold for one thousand dollars less than the purchaser would have paid if it were not for the fact that plaintiff allowed the Canadian thistles to go into seed. The court charged the jury on this point that the measure of damages as regards the thistles was "what it reasonably cost Mr. Randall to remove them after a failure, if there was a failure, on the part of Prudoehl to do it." This claim of error is formidable in appearance only. So far as the offer to prove is concerned, no assignment of error is addressed to it. So far as the extent of damages is concerned, the answer charges that for the failure to remove the thistles and for a number of other alleged wrongs on the part of the tenant defendant was damaged to the extent of only $50. Defendant, under the contract, had the right to protect himself. Moreover, there was testimony from which the jury might have inferred "that Mr. Randall himself suggested at least that the cutting of the thistles should be delayed until the crop was harvested, or at least until it was further advanced, so as not to destroy the crop." Accordingly the court charged that, if defendant "suggested that, or directed it, why, of course, he could not find any fault on account of the delay."

Under the circumstances we are at a loss to see how the charge complained of constituted reversible error. It does not appear that it was possible, on the testimony in this case, to determine how many seeds were cast in the year of plaintiff's failure, or how much damage was due to his delay, or how much damage was done before he took possession, if, indeed, it was possible to tell how much damage was done at all. There was no evidence on which the court could have charged depreciation in market value. We do not hold that the measure of damages involved in the trial court's instruction is the general rule. See Brown v. Lehman, 134 Iowa, 712, 112 N. W. 185, 12 L. R. A. (N. S.) 88; but we think that under the peculiar circumstances presented by this particular record it gave the defendant as large a measure as he was entitled to.

We have considered defendant's other assignments of error. None of them involve questions as to any general principles of law. They turn essentially upon questions of fact upon this particular record. Their detailed discussion would serve no useful purpose here. The verdict in this case is a small one. Examination of the record has satisfied us that it is substantially supported by causes of action as to which no error was alleged, and by the cause of action as to wood in accordance with this opinion, upon the assumption that the counterclaims set up are admitted, except as to the thistles. In this view, the order of the trial court must be affirmed. See Pevey v. Schulenburg & B. Lumber Co., 33 Minn. 45, 21 N. W. 844; Chesley v. Mississippi & R. R. Boom Co., 39 Minn. 83, 38 N. W. 769.

Affirmed.