## FRED TIEDT v. ALLEN BOYCE and Another.[1]

June 27, 1913.

Nos. 18,199—(89).

Chattel mortgage.

1. Under a chattel mortgage, the mortgagee has the legal title to the property and after condition broken has the legal right to the possession thereof.

Senior mortgagee in possession — sale on foreclosure at suit of junior mortgagee.

2. A junior mortgagee may bring an action in equity to foreclose a chattel mortgage and may make senior mortgagees parties thereto, but, where a senior mortgagee is rightfully in possession of the property under his paramount mortgage, the court will not divest him of his paramount rights therein by a sale in the foreclosure action, unless the junior mortgagee either redeem from the senior mortgage, or show that the property is of sufficient value so that the proceeds from the sale will pay and satisfy the senior mortgage and leave a surplus, which, equitably, ought to be applied upon the junior mortgage. The plaintiff has done neither.

Action in the district court for Marshall county to recover judgment against defendant Boyce for $418.15 and to foreclose a certain chattel mortgage upon certain animals and crops. In his sepa-

[1] Reported in 142 N. W. 195.

rate answer, defendant Sutton alleged that he had possession of the property described in the mortgages, for the purpose of enforcing the mortgages in his favor and with the consent of the mortgagor, and prayed that the lien of his mortgages be declared prior liens upon the property to those of plaintiff's mortgages. The case was tried before Grindeland, J., who made findings and as conclusion of law ordered judgment for $383.15, and interest, in favor of plaintiff and that the mortgaged property be sold and the proceeds be applied first to the satisfaction of defendant Sutton's mortgages and the balance applied upon the mortgages to plaintiff. Defendant Sutton's motion for amended findings was denied. From an order denying defendants' motion for a new trial, they appealed. Reversed.

*J. J. Sutton, Charles Loring, G. A. Youngquist,* for appellants.
*Julius J. Olson* and *A. A. Miller,* for respondent.

TAYLOR, C.

The defendant Boyce executed two chattel mortgages to defendant Sutton, and thereafter executed a third chattel mortgage to plaintiff. All three mortgages were filed in the office of the proper village clerk, but the first mortgage to Sutton had only one witness, and for that reason did not operate as constructive notice to plaintiff, who had no actual notice thereof. Plaintiff's mortgage covered all the property included in Sutton's last mortgage, and also certain other property included in Sutton's first mortgage.

As against plaintiff, Sutton's last mortgage is a first and paramount lien upon all the property included therein. As against Sutton, plaintiff's mortgage is a second lien upon the property included in Sutton's last mortgage, and a first and paramount lien upon the remainder of the property.

After all three mortgages were past due, Sutton, with the consent of the mortgagor, took, and has ever since retained, possession of one span of horses, upon which his last mortgage was a first lien, and of certain other property upon which plaintiff's mortgage was a first lien.

Plaintiff brought this action to foreclose his mortgage, and the court directed a sale of all the property claimed by him, including

the span of horses held by Sutton. An appeal from an order denying a new trial brings the case before this court.

Under his paramount chattel mortgage, Sutton had both the legal title to the horses, and the legal right to the possession of them. Fletcher v. Neudeck, 30 Minn. 125, 14 N. W. 513; Kellogg v. Olson, 34 Minn. 103, 24 N. W. 364; Close v. Hodges, 44 Minn. 204, 46 N. W. 335. He contends that, under these circumstances, they cannot be sold in plaintiff's foreclosure action without first paying up his mortgage and redeeming them therefrom.

A chattel mortgage may be foreclosed in an action in equity. Forepaugh v. Pryor, 30 Minn. 35, 14 N. W. 61; Minnesota Linseed Oil Co. v. Maginnis, 32 Minn. 193, 20 N. W. 85; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; First Nat. Bank v. St. Anthony & D. Ele. Co. 103 Minn. 82, 114 N. W. 265.

A junior mortgagee may bring such an action and may make prior mortgagees parties thereto. If he establish sufficient equitable grounds therefor, the property may be sold, and, after satisfying the prior mortgages from the proceeds thereof, the surplus may be applied upon the junior mortgage. Anderson v. Liston, supra; Edwards v. Dargan, 30 S. C. 177, 8 S. E. 858; Clark v. Prentice, 3 Dana (Ky.) 469; 4 Enc. Pl. & Pr. 522, 527.

But where the senior mortgagee is rightfully in possession of the property and has the legal title thereto, a court of equity will not take the control thereof from such senior mortgagee, unless the junior mortgagee has established, affirmatively, that he has a substantial, and not merely a nominal, interest in the property.

In the instant case, as Sutton is rightfully in possession of the horses and has the legal title thereto, the court will not divest him of his control over them unless plaintiff shall either redeem them from the prior mortgage, or show, affirmatively, that they are of sufficient value to satisfy the prior mortgage and leave a surplus for application upon his own mortgage.

The horses were ordered sold and not the equity of the plaintiff to redeem from the prior mortgage. To authorize divesting Sutton of his paramount interest in the horses by a sale in the action to foreclose plaintiff's mortgage, it must appear with reasonable certainty

that the proceeds of the sale will be sufficient to pay and satisfy Sutton's mortgage and leave a surplus, which, equitably, should be applied upon plaintiff's mortgage. Plaintiff's substantial interest is limited to whatever surplus may remain after satisfying the senior mortgage, and, if he does not see fit to redeem, it is incumbent upon him to prove that the property is of sufficient value to satisfy that mortgage, fully, and leave a surplus.

There is not a word in either the pleadings or the findings as to the value of any of the property. For aught that appears, the value of these horses may be wholly insufficient to satisfy the prior mortgage. Certainly no facts appear which will justify a court of equity in taking and disposing of them against the protest of the owner of that mortgage.

It was proper to direct a sale of the remainder of the property in Sutton's possession, but error to direct a sale of the span of horses held by him under his paramount mortgage.

Order reversed.