# FIRST NATIONAL BANK OF ARGYLE v. O. L. SATEREN.[1]

May 5, 1922.

No. 22,704.

**Landlord's right under recorded lease superior to later chattel mortgage of cropper.**

1. Conceding that defendant's contract relative to the tilling and cropping of his land was a lease on shares so that there was a mortgageable interest of the tenant in the crop, nevertheless the rights of defendant were superior to a chattel mortgage on such crop received from the tenant by plaintiff after defendant's contract was executed and duly filed for record.

**Terms of lease.**

2. Defendant's contract or lease contained valid provisions under which he was authorized to sell the tenant's share of the crop to reimburse himself for certain contingent claims that he might be compelled to pay for the tenant.

**Plaintiff has no right of action in trover and conversion.**

3. It clearly appears that the tenant's share of the crop was not sufficient to pay defendant's claims under the lease and therefore plaintiff, whose rights are inferior, can have no cause of action for conversion against defendant.

Action in the district court for Marshall county to recover $955 for the conversion of $500 bushels of wheat. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*E. A. Brekke* and *A. N. Eckstrom*, for appellant.

*Julius J. Olson* and *Rasmus Hage*, for respondent.

HOLT, J.

Defendant owned a farm, and in March, 1918, made a contract with one Lindemoen to till and crop it for the farming season of

[1]Reported in 188 N. W. 62.

that year. The contract contains many provisions not necessary to mention. Throughout Lindemoen is termed the employe of defendant. The instrument is declared a contract of employment and specifies that it shall not be held to be a lease. It was filed for record in the office of the register of deeds of the county where the farm is. During the month following, plaintiff received from Lindemoen a chattel mortgage upon one-half of the crop to be grown upon that farm in 1918. The chattel mortgage was filed for record in the same office as was the contract. This action was brought to recover for the conversion of 500 bushels of wheat which defendant had taken and disposed of under the terms of the contract with Lindemoen. The court made findings in favor of defendant. A new trial was denied, and plaintiff appeals.

No doubt the agreement between defendant and Lindemoen was drawn so as to come in the class construed a contract of hire and not a lease in Porter v. Chandler, 27 Minn. 301, 7 N. W. 142, 38 Am. Rep. 293. But appellant contends that since the decision of McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437, the Porter case is no longer a precedent, and that the instrument in question is a lease on shares, so that Lindemoen had a mortgageable interest in the crops to be raised under the holding in the McNeal case and others, such as Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; Denison v. Sawyer, 95 Minn. 417, 104 N. W. 305.

For the purpose of this appeal, it may be conceded that defendant's contract is a lease under which Lindemoen would be entitled to one-half of the crops subject to the terms and conditions therein set forth. But that instrument was prior in time both as to execution and filing for record to the chattel mortgage under which plaintiff claims. It was an agreement valid in every respect as between Lindemoen and defendant, and the chattel mortgage must be considered subject to the rights of defendant thereunder. This was held in Anderson v. Liston, supra, where the lease was properly filed before the mortgage was taken.

The contract or lease here provides that defendant should have full charge and possession of the hauling and selling of the grain

raised on the premises during the life of the agreement, and he agrees to give Lindemoen one-half of the grain raised, or the proceeds thereof if sold, after deducting any just indebtedness from the latter to defendant. It also contains a provision whereby defendant is to be reimbursed for the payment of any judgments in actions then pending in court over the ownership of the crops raised during the farming season of 1917 on the same farm. It is not necessary to go into detail, except to state that Lindemoen had farmed the land the previous season under a lease not filed for record, and litigation had arisen between his creditors, who sought his share of the crop, and defendant, who claimed the right to appropriate the same to the payment of some claims under an agreement with Lindemoen. It may also be stated that Lindemoen did not replow the acreage required under the contract for the year 1918, and defendant became entitled to a reimbursement on that account out of Lindemoen's share in the sum of $117, and he was compelled to pay, as the result of the litigation mentioned and referred to in the lease or contract, the sum of over $1,400, besides expenses and attorney's fees. The contract authorized defendant to reimburse himself out of the sale of Lindemoen's share of the crop for these payments and expenses. He did so. There is no merit in the contention that the contract does not sufficiently designate the claims secured, viz. those of Argyle Implement Company and Beosnahan & Olson Company, the ones defendant was compelled to pay. Both were pending in court when this contract or lease was made, and there seems no question but that both defendant and Lindemoen had in mind that these were claims due from the latter which defendant might have to pay. They were contingent claims and their payment was not an advancement under the contract. We do not understand that a second mortgagee can question the description of the debt a prior mortgage secures, unless the latter is fraudulent. Berry v. O'Connor, 33 Minn. 29, 21 N. W. 840. There was enough in the renting contract to guide subsequent mortgagees to full information if such were desired.

A contention is made by appellant that even if the lease be considered as a security or chattel mortgage for what defendant might

have to disburse thereunder, still plaintiff's second mortgage gives a better title to the wheat because defendant did not take or sell under foreclosure proceedings. But this is of no avail to plaintiff. In Berkner v. D'Evelyn, 119 Minn. 246, 137 N. W. 1097, it was said that, if the first mortgagee and the owner in good faith sold the property at public auction instead of in a statutory foreclosure and applied the proceeds upon the first mortgage debt, the irregular sale did not destroy the rights of the first mortgagee. "The remedy of a second mortgagee in such a case is an action in replevin or trover, with the right to recover the property subject to, or the value thereof over and above, the obligation secured by the first mortgage." Such remedy in this case would be fruitless to plaintiff, for the claims of defendant secured by the lease more than exhaust the market value of Lindemoen's share of the wheat. Teidt v. Boyce, 122 Minn. 283, 142 N. W. 195; Berkner v. Lewis, 133 Minn. 375, 158 N. W. 612.

We think the learned trial court correctly disposed of the controversy.

The order is affirmed.