## JOSEPH PRYOR AND ANOTHER v. INTERNATIONAL LUMBER COMPANY.[1]

November 16, 1923.

No. 23,556.

**Finding as to date of timber deed sustained.**
1. The court was justified by the facts in holding that July 15, 1901, was the date of the instrument in controversy.

**Right to remove felled timber not forfeited by expiration of time allowed for cutting.**
2. Where the grantee in a timber deed cuts the timber within the time allowed therefor, he does not forfeit his title to the timber by failing to remove it from the land within the stipulated time.

Action in the district court for St. Louis county to restrain defendants from removing timber on certain lands. The case was tried before Freeman, J., who made findings and ordered judgment dissolving the restraining order and adjudging defendant the owner of the timber, with the right to remove it. From an order denying their motion for amended findings and conclusions or for a new trial, plaintiffs appealed. Affirmed.

*Boyle & Montague,* for appellants.

*Fryberger, Fulton, Hoshour & Ziesmer,* for respondent.

[1]Reported in 195 N. W. 772.

TAYLOR, C.,

The plaintiffs are husband and wife. Plaintiff Joseph made homestead entry of a tract of land in St. Louis county, for which a patent was issued to him on February 20, 1901. On July 15, 1901, plaintiffs executed a deed conveying the timber thereon to Guy A. Eaton, "together with the right to enter upon said land and cut and remove therefrom at any time within 20 years from date hereof the timber herein conveyed."

The deed gave the grantee and his assigns the exclusive right of occupancy of the land during the specified term and required them to pay all taxes upon the land that became payable before the timber was cut. Plaintiffs covenanted not to enter upon the land while the timber remained uncut. All the rights acquired by Eaton passed, by mesne conveyances, to and vested in the defendant International Lumber Company. In the spring of 1921, the lumber company cut the timber on the land, completing the cutting on June 6, 1921, but did not remove it from the land that season and did not intend to remove it therefrom until the next logging season. The lumber company undertook to remove the timber the next logging season, whereupon plaintiffs brought this action to have defendants enjoined from removing the timber and to have the title thereto adjudged to be in plaintiffs. They procured a restraining order forbidding the removal of the timber during the pendency of the action. The term defendant, when used hereafter, will refer to the lumber company only, as the action against the other defendant was dismissed by plaintiffs. The trial court found as facts, among other things "that on July 15, 1901, the plaintiffs sold the timber on said land to Guy A. Eaton, with the right to cut and remove the same at any time within 20 years from said date," and that defendant has succeeded to the rights of Eaton. The court made further findings in accordance with the facts above recited and dissolved the restraining order and directed judgment that defendant was the owner of the timber and had the right to remove it. Plaintiffs appeal from an order denying a new trial.

Plaintiffs contend that the finding that defendant had 20 years from July 15, 1901, in which to cut and remove the timber is not

sustained by the evidence. The deed granted the right to cut and remove the timber "at any time within 20 years from date hereof." Plaintiffs admit that the deed was executed July 15, 1901, but insist that it is dated July 15, 1891, and that the 20 years expired July 15, 1911. The deed was a printed form in use prior to the year 1900. As printed, the first two lines are as follows:

"This indenture made this ...... day of ......... in the year of our Lord one thousand eight hundred and ninety.......

As filled out they are as follows, the words in italics having been inserted with a pen:

"This indenture made this *15th* day of *July* in the year of our Lord one thousand eight hundred and ninety *one*."

The scrivener who drew the deed was a witness and testified that he wrote "nine" over the printed "eight" and "one" in the blank following the printed "ninety" and intended to erase the "eight" and the "ninety" so that it would read "one thousand nine hundred and one," and that his failure to erase the "eight" and the "ninety" was an inadvertence. All parties acted in the belief that the instrument was dated July 15, 1901. Eaton testified that he was to have 20 years from the execution of the contract in which to remove the timber, and this is nowhere denied.

The deed provided that plaintiffs should not enter upon the land while the timber remained uncut, and they did not enter upon it until after the timber had been cut in 1921. The deed required the grantee to pay all taxes on the land payable before the timber was cut, and he and his assigns paid them during the entire 20 years following the making of the contract. The plaintiffs themselves understood and believed that the deed was dated in July, 1901, and that the 20 years extended to July, 1921, and remained in that belief until defendant sought to obtain a 5-year extension of time in which to remove the timber. Plaintiffs admitted that during the negotiations for this extension of time, which took place in the latter part of 1920 and early part of 1921 they examined the deed, and then for the first time discovered the condition in which the two lines, purporting to give the date of the instrument, had been left.

Thereupon they took the position that the deed bore the date of July 15, 1891, that all rights under it expired July 15, 1911, and that defendant had forfeited its right to the timber by failing to cut and remove it before that date. In construing such an instrument, the words written in at the time of its execution are to be given effect in preference to the printed words of the form applying to the same matter, and the written nine must take the place of the printed eight. If the printed "ninety" is to remain, the date would read as July 15, 1991. No one claims that this is the date of the deed. Neither does anyone claim that it was intended that the deed should be dated in 1891. The date intended, and the date which all the parties believed had been inserted, was July 15, 1901, and the failure to erase the "eight" and the "ninety" was so clearly a clerical error of the scrivener, even excluding his own testimony to which objection was made, that we think the court was justified in rejecting those words as a part of the date.

Plaintiffs further contend that, conceding that defendant cut the timber within the time allowed therefor, the defendant nevertheless forfeited all right to it by failing to remove it from the land within that time. The deed contained no express provision to that effect. This contention is answered adversely to plaintiff in Alexander v. Bauer, 94 Minn. 174, 102 N. W. 387, which decision was referred to with approval in State v. Rat Portage Lumber Co. 106 Minn. 1, 115 N. W. 162, 117 N. W. 922, and in Prudoehl v. Randall, 108 Minn. 185, 121 N. W. 913. There is authority to the contrary, but we think that both principle and the weight of authority support the rule of the Alexander case.

We find it unnecessary to consider the other questions raised, and the order is affirmed.