## LAWRENCE WARREN v. F. J. DRISCOLL.
## ADOLPH SUCKER, INTERVENER.[1]

October 25, 1929.

No. 27,378.

*Allen & Allen,* for appellant.
*E. H. Nicholas,* for defendant-respondent.
*Paul C. Cooper,* for intervener-respondent.

WILSON, C. J.

Plaintiff appealed from an order denying his alternative motion for judgment notwithstanding a directed verdict or a new trial.

The action is in replevin. Intervener owned and leased a farm to the plaintiff. The lease was made September 17, 1927. The

[1]Reported in 227 N. W. 199.

rent was $1,040, payable $100 on January 1, 1928, $400 September 1, 1928, and $540 February 1, 1929. The term was from March 1, 1928, to March 1, 1929. The lease contained a chattel mortgage clause covering the crops to be raised.

Plaintiff took possession and apparently raised a good crop. In July he was sent to jail. His horses and equipment were on the farm. Intervener went into possession and at some expense harvested the crops. On July 27 he served a notice on plaintiff forfeiting the lease. On August 4 he leased the farm to defendant, who went into possession under the intervener. On August 19 plaintiff commenced an action to recover certain crops. On September 12 he commenced another to recover certain other crops; and on October 10, 1928, he commenced a third action to replevin 80 acres of standing corn. The parties have stipulated that the three cases stand in this court as one case.

■ The real test as to whether a replevin action can be maintained turns upon the question whether the plaintiff is, at the time of the institution of the suit, entitled to the immediate possession of the property claimed. 23 R. C. L. 866, § 15, note 17; 34 Cyc. 1388, note 56. An action of this character is purely a possessory action and cannot be sustained to determine the rights of property. What happened later cannot control.

The lease was in effect a chattel mortgage. A condition therein was broken. The $100 payment was in default. This gave the intervener the legal right to the possession of the mortgaged property. Tiedt v. Boyce, 122 Minn. 283, 142 N. W. 195. He was in such rightful possession when the first action was commenced; and plaintiff could not successfully prosecute the action.

■ The claim is that intervener's failure to enforce payment of the $100 payment maturing January 1, 1928, constituted a waiver of the forfeiture. We think not. Central U. T. Co. v. Blank, 168 Minn. 312, 210 N. W. 34.

■ The argument is that when the second action was commenced the $100 payment had been paid by intervener's selling grain from the crops, receiving $169.80, and applying the same on the rent.

But this action was commenced on September 12, and on September 1 another payment of $400 became due. It is suggested that this default was extinguished by other money intervener received from selling a part of the crops. Here plaintiff's proof fails. He has the burden of proof. The record does show that intervener received $385.88 more money from the source mentioned, but the record does not show that this was prior to the commencement of the second action. Moreover, plaintiff had apparently breached his contract by not harvesting the small grain in accordance with the terms of the lease, and the intervener was required to and did incur expense in harvesting the crops and some of the money received at undisclosed dates was presumably used in meeting the expense of conserving the crops. The amount of such expense is not disclosed. Such action depends upon a plaintiff's proofs in the first instance. He must show his right to possession. Plaintiff's proof fails in each action.

This is merely a possessory action, and nothing is determined herein but that plaintiff did not show that he was entitled to the immediate possession of the property at the times when the respective actions were instituted; and for the reasons indicated defendant and intervener were entitled to a directed verdict in each case.

Affirmed.