JOSEPH H. RECTOR v. SADIE E. ANDERSON and Others.[1]

November 3, 1905.

Nos. 14,164—(1).

**Complaint.**

Complaint construed, and *held*, that it states two causes of action—one for conversion and one for assault.

**Tenants in Common.**

A contract for the cultivation of land on shares construed, and *held*, following Strangeway v. Eisenman, 68 Minn. 395, that the parties were tenants in common of the crops.

**Dismissal of Action.**

The evidence was not sufficient to sustain a verdict for the plaintiff on either cause of action, and the trial court rightly dismissed the entire action.

[1] Reported in 104 N. W. 884.

Action in the district court for Hennepin county against Sadie E. Anderson, Milton D. Brown and Jesse H. Wakeman, to recover $440 for the conversion of certain crops and $3,000 for assault committed by defendant Brown. The case was tried before Pond, J., and a jury. The court dismissed the first cause of action as to all defendants and the second cause of action as to defendants Anderson and Wakeman, upon the close of plaintiff's testimony. Upon the second cause of action a verdict for one dollar was rendered against defendant Brown. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*George R. Robinson* and *George T. Halbert,* for appellant.

*Robert Jamison,* for respondents Anderson and Wakeman.

START, C. J.

Action, as we construe the complaint, to recover damages for the conversion of certain personal property and for an assault upon the plaintiff by the defendants. When the plaintiff rested his case, the trial court, on motion of the defendants Anderson and Wakeman, dismissed both causes of action as to them on the ground that the evidence would not justify a verdict against either of them on either cause of action. The trial then proceeded as to the defendant Brown on the issue as to the alleged assault by him, and a verdict was returned for the plaintiff for one dollar. The plaintiff appealed from an order denying his motion for a new trial. It was stipulated in this court that, if the order appealed from be affirmed as to the defendants Anderson and Wakeman, it shall also be affirmed as to the defendant Brown; but, if it is reversed as to them, it shall also be reversed as to him. The question, then, for our decision, is whether the trial court erred in dismissing the entire action as to the defendants Anderson and Wakeman.

The allegations of the complaint were to the effect following, namely:

The plaintiff and defendant Anderson entered into a written contract whereby the parties agreed that the plaintiff should farm and till, during the season of farming commencing April 15, 1902, and ending March 15, 1903, the land of the defendant Anderson which was described in the complaint; that the plaintiff by virtue of the contract went into possession of the land and the buildings thereon, and there remained, performing in all things the terms of the contract on his part,

until September 27, 1902, when the defendants wilfully and unlawfully, with force and arms, entered upon the land and buildings thereon, and excluded the plaintiff therefrom, and forcibly took possession of all crops grown upon the land, and converted the same to their own use; that the crops so forcibly taken and appropriated by the defendants consisted of three hundred seventy-seven bushels of oats, forty tons of hay, five hundred bushels of potatoes, and one hundred forty acres of growing corn, one-half of which this plaintiff was then and there entitled to, and which was of the reasonable value of $440; that by reason of the wrongful acts of said defendants in so forcibly taking possession of said property and appropriating it to their own use plaintiff has sustained damage in the sum of $440, no part of which has been paid.

For a further and second cause of action the plaintiff realleged the allegations of the first cause of action as to the leasing and possession of the land, and in addition thereto alleged: That on September 27 the defendants wrongfully and unlawfully conspired and confederated together to forcibly break and enter upon the land, then in the quiet and peaceable possession of the plaintiff, to frighten, intimidate, and prevent him from completing the contract, and did then and there, in pursuance of said unlawful purpose, assault and wound him with a broadax, then and there held in the hand of the defendant Brown, whereby plaintiff was seriously wounded and injured permanently, to his damage in the sum of $3,000.

The defendants Anderson and Wakeman made separate answers to the complaint. The answer of the defendant Wakeman was substantially the same as that of his codefendant Anderson; hence it is only necessary to refer to her answer. So far as here material, her answer denied the allegations of the complaint, except therein admitted, and alleged that the parties entered into the contract, a copy of which was annexed to the answer; that the defendant complied with all the terms of the contract on her part, but the plaintiff failed to perform the contract in the particulars set forth in the answer; that thereupon she entered upon the land for the purpose of caring for the crops thereon, but did not divest the plaintiff of the possession thereof; and, further, that no division of the crops had been made when this action was commenced, nor did the plaintiff request a division thereof. The allega-

tions of the plaintiff's second cause of action were put in issue by the answer.

The plaintiff claimed on the trial that he was entitled to damage for the forcible and alleged unlawful entry by the defendants into the house and buildings on the land. The trial court ruled that no damages were alleged in the complaint for such entry, and, further, that two causes of action were alleged in the complaint—one for the conversion of personal property, and the other one for an assault. It is apparent from a mere reading of the complaint that the trial court's construction of the complaint was correct; for the damages claimed in the first count thereof were for personal property alleged to have been appropriated by the defendants, and in the second count the claim was for damages by reason of the assault. It follows that the pivotal question on this appeal is whether the evidence was sufficient to sustain a verdict against the defendant for damages, either for the alleged conversion or for the assault.

1. The first question is: Was the evidence sufficient to sustain a verdict against the defendants for the alleged conversion of the personal property? We answer the question in the negative. The contract between the plaintiff and defendant Anderson for farming the land by the plaintiff for a share of the crop was, so far as here material, substantially like those construed in the cases of Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Avery v. Stewart, 75 Minn. 106, 77 N. W. 560, 78 N. W. 244, and McNeal v. Rider, 79 Minn. 153, 81 N. W. 830. The contract provided that the plaintiff should carry on and cultivate the farm, furnish all necessary assistance to work and crop the farm and secure the crops grown thereon in a farmerlike style; that until a division thereof the title and possession of all hay and crops grown or produced on the farm should be and remain in the landowner, the defendant Anderson; that, if the cropper failed to perform the conditions of the contract on his part, the owners might enter into possession of the farm and do all things agreed to be done by the cropper, and deduct the cost thereof from his share of the crop; and, further, that the owner should, upon the performance of the contract by the cropper and upon reasonable request thereafter made, give and deliver to him on the farm one-half of all hay and crops raised on the farm. It was held in the cases cited that the parties to such a contract are

tenants in common of the crops, but until a division thereof the title to the whole thereof remains in the owner of the land as security for the performance of the contract by the cropper, and, further, that the cropper is entitled to such possession of the land and the crops as is necessary to enable him to perform the contract on his part. Other than this, he is not entitled to the possession of the crops until a division thereof.

The parties being tenants in common of the hay and crops, the landowner could not be guilty of converting them, unless she sold, destroyed, or removed them from the farm. Strong v. Colter, 13 Minn. 77 (82). Now, the evidence introduced on behalf of the plaintiff showed that when this action was commenced (October 29, 1902), and at the time of the trial, none of the hay or crops raised on the farm had been sold or removed by the defendant Anderson, except by the mutual consent of the parties; that no division had been made and none requested by the plaintiff; that the defendant on September 27, 1902, went upon the farm and informed the plaintiff that she took possession of the farm because of his failure to perform his part of the contract; that at this time there was a large amount of hay uncut and the corn and potatoes had not been harvested; that she left the defendant Brown in possession to take charge of the cutting of the hay and the securing of the crops; and, further, that the plaintiff remained on the premises until about January, 1903, when he voluntarily left. We have fully considered the evidence, and reached the conclusion that, taking the most favorable view of it for the plaintiff, it was not sufficient to sustain a verdict against the defendants for a conversion of any of the hay or crops raised on the farm. Whether the defendants' conduct in forcing an entrance into the house on the farm, which was in the possession of the plaintiff, was justifiable, we do not consider, as it is unnecessary in view of our construction of the complaint.

2. The second question is: Was the evidence sufficient to sustain a verdict against the defendants Anderson and Wakeman for the alleged assault? We also answer this question in the negative. The assault was committed by the defendant Brown alone; his codefendants not being present at the time. The evidence does not justify the inference that the assault was committed by Brown in the course of his employment, or that his wrongful act was directly or indirectly authorized

by his codefendants or either of' them. We hold that the trial court did not err in dismissing the action as to the defendants Anderson and Wakeman."

Order affirmed.