## JOHN T. JOHNSON and Another v. HENRY P. STONE.[1]

June 10, 1910.

Nos. 16,608—(153).

**Replevin for undivided share of personalty — farm contract.**

Replevin for certain corn and hay, and a quantity of small grain, grown upon a farm tilled by the defendant under a farm contract or lease from the owner. The contract provided that the defendant should pay a stipulated cash rent for the corn and hay land, and should be entitled to two-thirds of the small grain upon a division and the performance of the contract on his part. The other one-third of the small grain was by the terms of the lease to be the absolute property of the landowner. The trial court directed the jury to return a verdict that the defendant, at the commencement of the action, was entitled to the possession of the whole of the property, and to assess its value. *Held*, in accordance with the rule of Ellingboe v. Brakken, 36 Minn. 156, that replevin will lie for an undivided fractional part of personal property which is uniform in quality and value and susceptible of a fair and equal division, and that the court erred in refusing to submit to the jury the question of the plaintiff's ownership of one-third of the small grain.

Action in the district court for Jackson county to recover possession of certain crops or, in case recovery could not be had, for the sum of $450. The substance of the pleadings and the facts are stated in the opinion. The case was tried before Quinn, J., who denied

[1]Reported in 126 N. W. 720.

plaintiffs' motion to submit to the jury the questions (1) whether defendant bought the small grain from F. C. Otto and (2) whether plaintiffs were the owners of one third of the small grain at the time of the commencement of the action, and instructed them that defendant was entitled to the possession of all the crops, corn and hay, but left to them to determine the value of the property taken. The verdict returned is given in the opinion. From an order denying plaintiffs' motion for a new trial, they appealed. New trial granted, unless within ten days after notice of filing the remittitur in the district court defendant consent that the verdict be modified as stated at the end of the opinion, otherwise the order is affirmed and judgment ordered on the verdict as so modified.

*Wilson Borst* and *J. A. Mansfield,* for appellants.

*Knox & Faber* and *O. Thoreson,* for respondent.

START, C. J.

Appeal by the plaintiffs, in an action of replevin commenced September 21, 1908, from an order of the district court of the county of Jackson denying the plaintiffs' motion, made after verdict for defendant, for a new trial. The complaint alleged that the plaintiffs were the owners of, and entitled to the possession of, the personal property described therein, the value of the property, and that the defendant was in possession thereof, and unlawfully detained it from the plaintiffs. The answer, so far as here material, was a general denial. The subject-matter of the action was hay, corn, oats, wheat, buckwheat, and timothy raised during the farming season of 1908 upon the farm described in the complaint.

It appears from the record, without substantial conflict in the evidence, that the farm on August 1, 1906, was owned by E. Lewis, who on that day entered into a lease or farm contract with the defendant, whereby he was to till the farm for a share of the crops for the term of three years from March 7, 1907; the landowner to have one-third of the crops, and the defendant two-thirds thereof. The general provisions of the contract, except as herein stated, were similar to those in the farm contracts which this court construed

in the case of Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617, and Anderson v. Liston, 69 Minn. 82, 72 N. W. 52.

The contract provided that the defendant should pay the landowner a cash rent of $150 per year for the use of the hay land, and $2 per acre for the rent of the corn land, payable on or before November 1 in each year of the term. It further provided that, until a division of the crops and the performance of all of the stipulations of the lease, the title and possession of all hay, grain, and crops raised or grown on the farm should be and remain in the lessor, with the right to take and hold enough of the crops that would on the division of the same belong to the defendant to repay all advances made to him by the lessor, and also to pay all the indebtedness due to him by the defendant.

It was under this contract that the personal property here in question was raised and produced. Twenty-five acres of the farm were planted to corn by the defendant. On June 29, 1908, Lewis, the landowner, conveyed the farm and assigned his interest in the contract to Aeilt Hoffman, who transferred his interest in the contract, but not the land, to F. C. Otto by an assignment upon the back thereof, and thereafter, and on July 29, 1908, Otto delivered the contract to the plaintiffs with a written indorsement, signed by him, on the back thereof, which was in these words: "For valuable consideration, I hereby assign all my right, title, and interest in the within lease." In this connection parol evidence was received without objection to the effect that Otto sold his interest in the lease to the plaintiffs, and that the writing on the back thereof, signed by him, was the assignment from him to them, and that they paid him therefor.

The plaintiffs saw the defendant about the middle of August with reference to their share of the crops, and told him that they had an assignment of the lease, and that they had come for the purpose of looking after the crops. The defendant denied that the plaintiffs had any right to or interest in the crops, and claimed to them that he had purchased the interest of Otto, and told them that he was the sole owner of the whole crop. He asserted such claim on the trial, and gave evidence on the trial to support the claim. He ground

and fed to his hogs the barley and rye raised on the farm, one half of it before this action was begun. The record shows that the crops in question were delivered to the plaintiffs by the sheriff pursuant to the mandate on the replevin affidavit, and were marketed and sold before the trial of the action.

There was no motion for a directed verdict or request for instructions by either party at the close of the evidence. The court, however, instructed the jury to return a verdict for the defendant, that he was entitled to the possession of the property described in the complaint at the commencement of the action, and to ascertain its value and insert it in the verdict. The plaintiffs then and there requested the court to submit to the jury the question whether the plaintiffs were the owners at the commencement of the action of one-third of the small grain raised on the farm. This was refused. The jury returned the following verdict:

"We, the jury in the above-entitled action, find that at the time of the commencement of this action the defendant was entitled to the possession of the property described in the complaint, and that the value of the same is as follows:

Value of hay taken .......................... $121.50
Value of oats, wheat, buckwheat, and timothy taken .. $255.18
Value of corn taken ......................... $234.78"

The errors assigned on the motion for a new trial, and here, relate to the rulings of the court as to the admission of evidence, to its instruction that the defendant was entitled to the possession of the whole of the personal property, and to its refusal to submit to the jury the question of the plaintiffs' ownership of one third of the small grain.

We find no reversible error in the rulings of the court as to the admission of evidence. It is clear from the facts stated that the instruction, to find that the defendant was entitled to the personal property, was correct as to the hay and corn. The defendant by the terms of the lease was not a cropper of the hay and corn land, but was to pay a cash rent therefor, which was not due when this action was begun. The whole title to the hay and corn was in the defend-

ant.    Nor did the plaintiffs have any lien thereon to secure the payment of the rent, for by the terms of the lease there was to be no division of the corn and hay.    The clause in the lease, that until the division of the crops the title and possession of all hay, grain, and crops raised on the farm should be and remain in the lessor, must be construed in connection with the fact that there was to be no division of the hay and corn, and the further fact that the lease also provided in the same connection that the lessor should have the right to take and hold enough of the crops which on the division of the same would belong to the defendant to pay all indebtedness due to the lessor.    It is quite obvious that by these provisions of the lease the lessor's right to or lien on the crops was limited to those which were to be divided; that is, to the small grain, as to which the parties were tenants in common, the lessor being entitled to one-third and the defendant to two-thirds thereof.    Rector v. Anderson, 96 Minn. 123, 104 N. W. 884.

Whether the assignment of the lease, not coupled with any interest in the land, to the plaintiffs, gave them a lien on the defendant's share of the small grain—that is, the crops exclusive of the hay and corn—it is unnecessary to determine; for the final claim made by the plaintiffs on the trial was limited by their requested instructions to one-third of the small grain raised on the farm.    The question, then, is whether the trial court erred in refusing to submit the question of the plaintiffs' rights to one-third of the small grain.

It is clear from the record that the defendant in no event owned or had any interest in more than two-thirds of the small grain; that the landowner or his assignee was the owner of the other one-third thereof; that this interest of the lessor became vested in Mr. Otto by mesne assignments; and that each party claimed at the trial to have acquired his interest in the crops and offered evidence to support his claim.    The evidence left the question as to which party had acquired the interest of the lessor one of fact.    It follows that it was reversible error for the trial court to refuse to submit the requested instruction, unless, as the defendant here claims, the plaintiffs could not in any event maintain the action.

We have examined the several reasons urged in the brief of the

defendant's counsel why the plaintiffs could not maintain the action. It is urged that plaintiffs failed to show any assignment of the lease from Otto. It is true that the assignment indorsed upon the lease and delivered to them was defective, in that the name of the assignee was omitted; but the oral evidence given without objection supplied the omission. Whether such oral evidence was competent we need not discuss, for a fact may be established by incompetent evidence, if material, when it is received without objection. Goodall v. Norton, 88 Minn. 1, 92 N. W. 445.

It is further urged by defendant that the parties were at most tenants in common of the small grain, and he invokes the general rule that one tenant in common cannot maintain replevin against his co-tenant for his undivided interest in the common property. The defendant made no such claim by his answer or on the trial. His claim before the commencement of the action and at all times down to the close of the trial was that he was the sole owner of the whole of the personal property and entitled to its possession; he having purchased Otto's interest therein. It is also true that the plaintiffs brought the action to recover the possession of the whole of the property; but at the close of the evidence they limited their claim to a one-third of the small grain, which by necessary implication excluded any claim to the corn and hay, or to the other two-thirds of the small grain.

We are of opinion that the general rule stated does not apply to this case, by reason of its special facts and the character of the personal property, and, further, that the refusal of the trial court to submit to the jury the question of the plaintiff's ownership of one-third of the small grain at the commencement of the action was prejudicial error. The small grain necessarily was uniform in quality and value, and susceptible of a fair and equal division; hence the case falls within the rule of Ellingboe v. Brakken, 36 Minn. 156, 30 N. W. 659, which is to the effect that replevin may be maintained for an undivided share of such personal property.

A new trial of the action is not necessary in order to correct the error of the court, if the defendant is willing to consent to a reduction of the verdict as to the small grain, so as to limit his recovery to

two-thirds of the property or its proportional value as found by the jury. Such would seem to be a proper disposition of the case, in view of the fact that there can be no return of the property in specie to the defendant; but the plaintiffs must satisfy the alternative judgment for the value of defendant's interest therein.

Ordered that a new trial herein be granted, unless within ten days after notice of filing the remittitur in the district court the defendant files his consent with the clerk thereof that the verdict, as to the oats, wheat, buckwheat, and timothy therein referred to, be modified, so as to limit his right to the possession of such small grain to an undivided two-thirds of it, and the value thereof to $170.12, and, further, if such consent be filed, the order appealed from is affirmed, and judgment may be entered on the verdict, as so modified.