C. A. RENN v. NEVA K. WENDT AND ANOTHER.[1]

March 11, 1932.

No. 28,766.

[1]Reported in 241 N. W. 581.

*Herman A. Senneka, Joe McNitt,* and *Henry T. Ronning,* for appellant.

*Frank J. Zima,* for respondents.

HOLT, J.

Plaintiff appeals from the order denying his motion for a new trial.

The controversy arises from a joint venture to operate a dairy farm. The contract was executed February 15, 1930, and was to run one year from October 15, 1929, with the option to renew for five years more. The farm was near Glenwood, this state, and consisted of 400 acres owned by plaintiff and an adjoining 80-acre tract under lease. Defendants were to do all the labor to run the farm and conduct the dairy business, including a milk delivery route. Defendants assumed a one-half interest in 28 milch cows, certain heifers, calves, sheep, equipment of the dairy business, and farming implements, valued at $6,400, upon $3,200 of which they were to pay interest at seven per cent from October 15, 1929, until termination of the agreement. Defendants were to make all repairs to buildings and fences, plaintiff to furnish the materials. Defendants were to purchase one-half interest in 13 horses for $550, and at the termination of contract either party to buy or sell such interest at a valuation then to be set thereon by agreement. Defendants also were to purchase one-half interest in all brood sows, turkeys, and chickens. All the property mentioned, except that purchased, was to revert to plaintiff on termination of the contract and the payment of the interest. Defendants were to pay no rent. Defendants agreed to purchase all ensilage upon the premises at six

dollars per ton, and upon termination plaintiff was to take over any ensilage remaining at the same price. All produce and increase raised on the farm was to be divided in equal shares, and on the fifth of each month during the contract an accounting and settlement of products and increase sold or disposed of was to be had. All running expenses of the farm, dairy and milk route business were to be borne in equal proportion, including personal property taxes levied during the life of the contract. If any of the stock died or became unfit it should be replaced and the replacement cost borne equally. Defendants were to bring six cows on the premises valued at $750, for which they were to have a credit of seven per cent interest annually upon $375. Title to all the property was to remain in plaintiff as security for the faithful performance of the contract by defendants.

Plaintiff brought this action for money had and received. But the evidence he offered related to a contract under which the husband of Neva and the father of Harvey Wendt bought certain feed on the farm in contemplation of becoming a tenant or running it on shares. However, he died prior to February 15, 1930. If plaintiff had any right of recovery upon such contract upon the death of Mr. Wendt, such right must be asserted as a claim against his estate, and the evidence relating to such contract was properly excluded in this action for money had and received against the widow and son of Mr. Wendt. Plaintiff then attempted to prove that defendants had orally promised and agreed to pay the balance owing by Mr. Wendt upon his contract. Again plaintiff was met by the valid objection that such a contract was within the statute of frauds, and also that the claim, being bottomed upon the contract, could not be asserted under a complaint for money had and received. Furthermore, the contract of defendants contained a provision in regard to ensilage. In fact plaintiff wholly failed to prove a cause of action. The cases cited, beginning with Todd v. Bettingen, 109 Minn. 493, 124 N. W. 433, and ending with Turner v. Valley Nat. F. L. Assn. 182 Minn. 115, 233 N. W. 856, do not support plaintiff's contention that a valid contract covering the rights

of the parties may be ignored and redress had for violation of the contract upon a complaint for money had and received.

Of course, under plaintiff's complaint the case was properly set for a trial by jury. But upon the opening statements of counsel, the court, surmising that the issues would likely be more appropriately tried by the court, strongly urged that course. But the parties insisted that the trial proceed to the jury.

However, at the conclusion of the evidence plaintiff moved "that the accounting just proposed be withdrawn from the jury on the ground that it appears from the evidence that there are outstanding indebtedness of this joint venture under exhibit A which have not been paid."

In denying the motion the court said:

"Well, my idea is that the plaintiff in this case is holding, as I understand it, all property that is on there, and all of the products or produce of the farm, and, even on the witness stand, declines to state what amount he claims to be due him. I do not suppose he can be forced to bring in the accounts here. He has had an opportunity to bring them in."

Appellant, on page 44 of his brief, calls attention to the folios wherein Mrs. Wendt, without objection, testified from memorandum taken from the monthly accountings called for by the contract, that the gross income from sales was $4,046.54. From one-half of this sum, she testified, there was to be deducted cash drawn by her $587.65, plus one-half of her share of expenses $760.27, leaving as net to her $675.35; to this should be added $1,644.83, the value of one-half of the produce and increase left on the farm when the contract was terminated, making the sum total $2,320.18. Summing up the different items, Mrs. Wendt made her claim $2,318.63 (a slight miscalculation) and the verdict was for that amount. In the defense to the counterclaim plaintiff did not testify to any disbursement, nor to any existing claim chargeable against this joint venture, except the personal property tax. The tax for 1929 was not a proper item, and the tax for 1930 was not levied or known when this trial

took place. Mrs. Wendt frankly admitted that there existed some small items, one-half of which defendants should pay. The farm, dairy, and milk route were carried on under plaintiff's direction and control. He ordered all supplies, made all purchases, and paid all expenditures. He, or his wife for him, kept the books of the joint enterprise. If there were any deductions rightfully to be made upon the amount established by Mrs. Wendt's testimony, plaintiff, as the court said, had the opportunity to present the same to the jury. He did not attempt to do so and should not now be heard to say that the court erred in submitting the case to the jury upon evidence properly in the record.

There is no merit in the claim that the court permitted damages for breach of warranty or misrepresentation of the cows or the farm equipment. Evidence was received touching misrepresentations as to those matters, but only upon the question as to whether defendants should pay for one-half of the milk that was bought to supply the customers on the milk route, which milk would have been supplied by the dairy herd had the representations been true, and whether defendants should pay only one-half of the expenses of keeping the equipment in repair had it been in the condition represented. No injustice was done plaintiff by so submitting these items to the jury. For instance, the wheels of a wagon were so far gone that four new wheels were bought to make it usable. For a term of eight months it was hardly fair that the tenant, liable for half the expense of keeping the wagon in repair, should be required to pay half the cost of four new wheels. The record does not justify the contention that the contract was wholly executory when defendants discovered that the representations were untrue.

The point is also made that, since the contract provided that plaintiff retained title to all the property, the produce, and the increase until a full accounting was had, conversion would not lie for defendants' share of the produce and increase. By claiming all of it and bringing this action for $1,400 more, there has been an appropriation by plaintiff in derogation of defendants' rights therein. According to defendants' testimony they sought and could

obtain no accounting. Then plaintiff, instead of bringing a suit for an accounting, wholly ignores the contract, sues for money had and received, and, when defendants by counterclaim seek to recover their share, plaintiff neither pleads nor proves the defense now urged nor does he adduce evidence of any claim paid or incurred in reduction of the counterclaim. Nor does the record show that this objection was at any time presented during the trial. We therefore think the rule stated in Rector v. Anderson, 96 Minn. 123, 104 N. W. 884, cannot be applied. In that case such a defense was pleaded and urged on the motion to dismiss.

The charge as a whole is criticized as favoring defendants. We do not find such to be the case. Again, it is said the issues were not clearly defined nor any rule to measure damages given. It is true that the items going to make up the issues were so numerous that it was impossible to refer to each in the charge so as to be of any aid to the jury. However, that was the fault principally of plaintiff in bringing an improper action. But after all, the issues under the testimony were simple. The gross receipts were not disputed, as testified to by Mrs. Wendt, nor the amount she had drawn, nor the operating expenses. She placed a value upon the undivided produce and increase left upon the farm, many items to be sure, but she was allowed to sum them up. The court did not specifically tell the jury to determine the market value of these items. No exception was taken, suggestion made, nor instruction requested on the point. As already stated, plaintiff offered no testimony disputing the value or the correctness of Mrs. Wendt's figures. Nor did he offer any evidence that the jury could consider in reduction of the counterclaim. What has just been said shows there is no basis for the claim that the verdict is excessive. The exception taken to the charge as to interest was not assigned as error in the motion for a new trial nor upon this appeal.

Misconduct of counsel is also assigned as error. Some extravagant and ill-considered language was taken exception to. But the trial court did not deem it to have had any prejudicial effect. That court is in a more favorable position than this court to form a

correct judgment of the result of counsel's alleged misconduct. From what is said above it could not well prejudice, for the record would not justify a verdict for plaintiff, nor a very much smaller verdict for defendants than was given.

The order is affirmed.

[1]Reported in 241 N. W. 583.